PEATROSS, J.
 

 11 Delta Retail 45, L.L.C., d/b/a The Lion’s Den (“Delta Retail”), is a retail store that sells adult magazines and movies and other adult items. The Madison Parish Sheriffs Office conducted a search and seizure of the store in September 2003, seizing more than 9,000 items under a general search warrant. On October 16, 2008, Delta Retail filed suit under 42 U.S.C. §§ 1983 and 1988 in U.S. district court in the Western District of Louisiana seeking a declaration that the search and seizure violated its rights under the First, Fourth and Fourteenth Amendments and further seeking a TRO and preliminary injunction ordering the return of the seized property. On October 21, 2008, several individuals (ostensibly Delta Retail employees) were charged with obscenity under La. R.S. 14:106 in the Sixth Judicial District Court in Madison Parish. Delta Retail was not charged and is not a defendant in any related criminal proceedings.
 

 Named as Defendants in the federal suit were Sheriff Larry Cox, former Chief Deputy Sammie Byrd, Criminal Investigative Detective Todd Cummings and Col. Michael D. Edmonson, Superintendent of the Louisiana State Police (“Defendants”).
 
 [1]
 
 Defendants then moved to dismiss the federal lawsuit on the grounds of abstention under
 
 Younger v. Harris,
 
 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The federal court dismissed the suit and Delta Retail then filed this suit in Madison Parish district court. Defendants answered by way of summary judgment, which was granted, dismissing Delta Retail’s petition with prejudice. Delta Retail now appeals. For the reasons stated herein, we affirm.
 

 |
 
 ¿BACKGROUND
 

 As stated, Delta Retail initially filed suit in U.S. district court under 42 U.S.C. §§ 1983 and 1988 and the court dismissed the suit based on the abstention doctrine of
 
 Younger v. Harris, supra.
 
 Subsequently, on January 14, 2009, Delta Retail filed a Petition for Declaratory Judgment, Preliminary Injunction, Permanent Injunction and Attorneys’ Fees (the instant suit) in Madison Parish district court.
 
 *202
 
 Delta Retail also filed a Motion for Preliminary Injunction in the district court that same date. Following Defendants’ opposition to the same, Delta Retail issued a
 
 subpoena duces tecum
 
 to Sheriff Cox, ordering that he produce the seized items at the scheduled hearing. Defendants then filed a Motion to Quash Subpoena Duces Tecum and, subsequently, a Motion for Summary Judgment. The Motion for Preliminary Injunction and the Motion to Quash Subpoena Duces Tecum were heard on February 3, 2009. The tidal court held the matters open pending resolution of Defendants’ Motion for Summary Judgment.
 

 On February 13, 2009, after taking evidence and hearing arguments on Defendants’ Motion for Summary Judgment, the trial court granted summary judgment in favor of Defendants, dismissing the petition of Delta Retail with prejudice and further finding, therefore, that the subpoena issue was moot. In granting summary judgment, the trial court did not reach the merits of the petition; rather, the court agreed with Defendants that it could not grant the relief sought because the seized property was evidence in a criminal case. In oral reasons for judgment, the trial judge stated:
 

 |aOn the matter of the motion for summary judgment, this court finds that there are no genuine issues of material fact as recited by Counsel for the Defendants. That it (sic), neither is there any question of law. This court is in agreement that a civil proceeding cannot be used to obtain the materials that are to be used in a criminal prosecution. The Plaintiffs (sic) remedy is going to be in the criminal proceeding, and at the very least, the case that is brought before the Court today is premature, and it’s improper to rule on the constitutionality of the search and seizure under (sic) after the criminal prosecution is completed. I’m going to grant the motion for summary judgment. That makes the subpoena for the materials moot.
 

 This appeal ensued.
 

 DISCUSSION
 

 Delta Retail assigns the following errors on appeal (verbatim):
 

 I. The district court erred in granting summary judgment in favor of the defendants on the ground that Delta Retail’s remedy was in a criminal proceeding to which it was not a party.
 

 II. The Supremacy Clause of the United States Constitution prohibits state law from barring a federal cause of action. The district court erred in granting summary judgment in favor of the defendants on state law grounds because Delta Retail’s claim was brought pursuant to 42 U.S.C. § 1983, a federal statute.
 

 Delta Retail argues that the effect of the ruling below was to deny redress to the victim of an unconstitutional search and seizure when the victim has not been charged with a crime, but where the property was seized as evidence in a criminal prosecution against another party (in this case Delta Retail’s employees). It asserts that the ruling of the trial court that the remedy of Delta Retail lies in the criminal case at the end of the prosecution is erroneous. In support, Delta Retail argues that courts are to be “open” and provide adequate remedies and emphasizes that remedies are to be | ¿administered without delay. It then suggests that, as a third party, it has no authority to intervene in the criminal proceedings.
 

 Delta Retail next argues that the Supremacy Clause of the U.S. Constitution mandates that state law yield to a federal
 
 *203
 
 claim made under section 1983. Finally, Delta Retail provides an exhaustive argument on the merits as to the constitutionality of the search and seizure.
 

 In response, Defendants maintain that it is improper to bring a
 
 civil
 
 proceeding to have seized property returned in the same district court where the criminal proceedings are pending. La. R.S. 15:41, Disposition of property seized in connection with criminal proceedings, provides:
 

 A. If there is a specific statute concerning the disposition of the seized property, the property shall be disposed of in accordance with the provisions thereof.
 

 B. If there is no such specific statute, the following governs the disposition of property seized in connection with a criminal proceeding, which is not to be used as evidence or is no longer needed as evidence:
 

 (1) The seized property shall be returned to the owner, unless a statute declares the property to be contraband, in which event the court shall order the property destroyed if the court determines that its destruction is in the public interest; otherwise, Paragraph (2) of this Section shall apply.
 

 (2) If the seized property is contraband, and the court determines that it should not be destroyed, or if the owner of noncontraband property does not claim it within six months after its seizure, the court shall order:
 

 (a) A sale of the property at a nonjudicial public sale or auction, if the court concludes that such a sale will probably result in a bid greater than the costs of the sale. The proceeds of the sale shall be administered by the court and used exclusively for the maintenance, renovation, preservation, or improvement of the court building, facilities, or records system.
 

 15(b) If the court concludes that the cost of a public sale would probably exceed the highest bid, the court may order the property transferred to a public or a nonprofit institution or destroyed or may make such other court ordered disposition as it deems appropriate.
 

 C. Where the release of seized property is sought by a person claiming to be the owner, it shall be i’eleased only upon motion contradictorily with the clerk of court. In all other cases the court may either render an ex parte order for the disposition of the property as herein provided on motion of any interested person, or on its own motion, or the court may require a motion contradictorily with the apparent owner or the person in possession of the property at the time of the seizure.
 

 D. Notwithstanding any provision of law to the contrary, an official criminal-istics laboratory may destroy any controlled dangerous substance, controlled dangerous substance paraphernalia, or both, in its possession without an order of court after a period of five years from the date of seizure. Any criminalistics laboratory intending to destroy a controlled dangerous substance, controlled dangerous substance paraphernalia, or both, pursuant to this Subsection shall give the seizing agency and the district attorney thirty days notice prior to such destruction. In the case that the seizing agency or the district attorney object to such destruction, no destruction shall occur.
 

 Defendants argue that, under paragraph B, the property can only be authorized to be released on a finding that the property is not to be used, or is no longer needed, as evidence in a criminal case. We agree.
 

 The supreme court has held that a motion under La. R.S. 15:41 filed by the owner of property is the proper avenue for
 
 *204
 
 a party seeking return of seized property in a criminal proceeding.
 
 See In re: A Matter Under Investigation,
 
 07-1853 (La.7/1/09), 15 So.3d 972. In that case, the supreme court held that such a motion is
 
 exclusively
 
 a criminal proceeding and that an owner may seek return of seized property in the criminal proceeding even where the owner is not a defendant.
 

 |fiThe supreme court explained:
 

 The AG asserts that a motion for return of property under La. R.S. 15:41 is a civil action over which the Criminal District Court for the Parish of Orleans had no jurisdiction. Tenet-Memorial, in turn, argues that only the Criminal District Court had jurisdiction over its motion for return of property, noting that it would be untenable for a party to petition the Orleans Civil District Court for relief from the orders of the Criminal District Court.
 

 La. R.S. 15:41, entitled “Disposition of property seized in connection with criminal proceedings,” is found in Title 15 of the Revised Statutes governing “Criminal Procedure” within Code Title IV, entitled “Search Warrants”. La. R.S. 15:41(B) provides for the return of property seized in connection with a criminal proceeding so long as that property (1) “is not to be used as evidence or is no longer needed as evidence” and (2) no statute declares the property to be contraband. La. R.S. 15:41.
 

 The rules of statutory construction provide that when a law is clear unambiguous and its application will not lead to absurd consequences, it must be applied as written. La. C.C. art. 9. Furthermore, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La. C.C. art. 12. We find nothing within the plain language of La. R.S. 15:41 that requires Tenet-Memorial’s motion to be filed in a civil court.
 
 To the contrary, the fact that this article is found within the Revised Statutes governing criminal procedure strongly suggests that it applies to courts exercising criminal jurisdiction. In addition, logical considerations suggest such a finding. A civil couti is an unlikely venue for determining the status of a criminal matter pending in another court or whether the evidence to be used therein is still needed.
 
 Such action by the Orleans Civil District Court would put it at odds with the exclusive jurisdiction of the Orleans Criminal District Court. It would be bizarre indeed to require the clerk of the Orleans Criminal District Court to appear before the Orleans Civil District Court regarding orders issued by the Orleans Criminal District Court. (Emphasis added.)
 

 In re Matter Under Investigation, supra.
 
 The supreme court went on to overrule three appellate decisions holding to the contrary, noting that there was no established law to support a civil action to seek seized property in a criminal proceeding. In further support of its conclusion, the court stated:
 

 17Finally, we note that La. R.S. 15:41 must be read in light of La. C. Cr. P. art. 167, which provides as follows:
 

 When property is seized pursuant to a search warrant, it shall be retained under the direction of the judge. If seized property is not to be used as evidence or is no longer needed as evidence, it shall be disposed of according to law, under the direction of the judge.
 

 La. C. Cr. P. art. 167. The plain language of this article vests the judge presiding over • a proceeding with the jurisdiction to order the return of property seized under a search war
 
 *205
 
 rant in connection with that proceeding.
 
 Because property seized pursuant to a search warrant is almost exclusively done so in connection with criminal proceedinys and this provision is found in the Code of Criminal Procedure, we interpret this statute as allowing a criminal court judge to exercise the jurisdiction to order the return of property seized pursuant to a search warrant.
 

 Given our mandate to read laws on the same subject matter in reference to each other under La. C.C. art. 13, and for the reasons set forth above, we find that a motion for return of property filed pursuant to La. R.S. 15:41 is part and parcel of a criminal proceeding, and is thus included within the jurisdiction of the criminal court presiding over or having presided over the criminal proceeding.
 
 (Emphasis added.)
 

 Id.
 

 Applying this reasoning to the case
 
 sub judice,
 
 we find that the trial court was correct in its determination that a civil proceeding was not the proper avenue for Delta Retail’s attempt to gain the return of seized property being utilized as evidence in a criminal proceeding. The appropriate remedy in such case is a motion under La. R.S. 15:41 in the criminal proceeding. Delta Retail may file such pleading seeking return of its property even though it is not a party to the criminal proceeding.
 
 In re Matter Under Investigation, supra.
 
 The trial court properly granted Defendants’ Motion for Summary Judgment.
 

 |sIn light of our conclusion herein, the arguments of Delta Retail concerning the merits of the constitutionality of the search and seizure will not be considered.
 

 CONCLUSION
 

 For the foregoing reasons, the summary judgment of the trial court in favor of Defendants, Sheriff Larry Cox, former Chief Deputy Sammie Byrd, Criminal Investigative Detective Todd Cummings and Col. Michael D. Edmonson, and dismissing the petition of Delta Retail 45, L.L.C., is affirmed at the cost of Delta Retail 45, L.L.C.
 

 AFFIRMED.
 

 [1]
 

 . Defendants Det. Cummings and Col. Ed-monson are represented by separate counsel, but have adopted their co-defendants' arguments in the court below and on appeal.