NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-509

IN RE:  MATTER UNDER INVESTIGATION

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-38-15
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

**AFFIRMED.**

**Douglas Kent Williams**
**Jennifer Dyess Sims**
**Breazeale, Sasche & Wilson, L.L.P**
**P. O. Box 3197**
**Baton Rouge, LA 70821-3197**
**(225) 387-4000**
**COUNSEL FOR APPELLEE:**
  **Our Lady of the Lake College**

**Rene' J. Pfefferle**
**Watson, Blanche, Wilson & Posner**
**P. O. Drawer 2995**
**Baton Rouge, LA 70821-2995**
**(225) 387-5511**
**COUNSEL FOR APPELLEE:**
  **Jennings American Legion Hospital**

**Robert C. McCorquodale**
**Of Counsel**
**P. O. Box 2185**
**Lake Charles, LA 70602**
**(337) 491-3622**
**COUNSEL FOR APPELLANT:**
  **Jefferson Davis Sheriff's Office**

**EZELL, Judge.**

In this matter, the Jefferson Davis Parish Sheriff's Office (JDSO) appeals the decision of the trial court granting Jennings American Legion Hospital's (JALH) motion to quash a search warrant and return confidential documents seized in accordance with that warrant. For the following reasons, we hereby affirm the decision of the trial court.

This case originates from a former disgruntled job applicant involving law enforcement in an alleged case of defamation. Michael Ellender is a certified registered nurse anesthetist who applied for privileges at JALH. As part of the application process, he was required to submit references. These peer review references are to be confidential under La.R.S. 13:3715.3. After he was denied privileges at JALH, he sought to obtain the review letter from one of his references, the director for the Nurse Anesthesia program at Our Lady of the Lake College (OLLC), where he attended school. Believing he had obtained a bad reference after being tangentially involved in a suit against the school by some of his fellow students, he tried to obtain a copy of the reference letter, but was denied due to the confidentiality provisions. Mr. Ellender then approached the JDSO seeking to file a complaint for criminal defamation.

In conjunction with this alleged criminal claim, the JDSO sought a search warrant to obtain the reference letter. On a Friday afternoon, the JDSO approached a pro tem judge who granted the warrant. Soon thereafter, the pro tem judge placed the seized documents under seal. JALH sought to quash the warrant and have the documents returned. When the regular trial judge returned, he held a hearing on the matter and granted the motion to quash and ordered the return of the seized property. From that decision, the JDSO appeals.

On appeal, the JDSO asserts three assignments of error. The JDSO claims that the trial court erred in allowing JALH to file a civil proceeding to force the return of evidence seized via warrant in a criminal matter; in finding that JALH had standing to challenge the warrant; and in quashing the warrant when JALH did not introduce evidence at the hearing.

The JDSO claims in its first assignment of error that the trial court erred in allowing a party to file a civil proceeding to force the return of evidence seized in a criminal investigation.

As a general rule, we do not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. *Stewart v. Livingston Parish Sch. Bd.,* 07-1881 (La.App. 1 Cir. 5/2/08), 991 So.2d 469; *See also, Graubarth v. French Market Corp.,* 07-416 (La.App. 4 Cir. 10/24/07), 970 So.2d 660; Uniform Rules—Courts of Appeal, Rule 1–3. The JDSO did not challenge the procedural manner in which the motion to quash was filed in the trial court below, and raises it here for the first time. Because the JDSO did not raise this as an issue before the trial court, this issue is not properly before us on review.[1]

The JDSO next claims that the trial court erred in quashing the warrant when it claims neither JALH nor OLLC had standing to object to the search warrant.

> When addressing a litigant's standing, we have found that the "predicate requirement of standing is satisfied if it can be said that the

---

[1] We do note that the JPSO's arguments, had they been properly raised at the trial court, were technically correct. *See Delta Retail 45, L.L.C. v. Cox,* 44,873 (La.App. 2 Cir. 10/28/09), 26 So.3d 200, *writ denied,* 09-2580 (La. 2/5/10), 27 So.3d 304. However, we further note that the trial judge hearing this case is the sole judge for the 31st Judicial District and would have heard the motion, no matter the manner in which this case was filed or assigned. This fact renders this matter divergent from *Delta Retail 45,* and makes the JPSO's argument amount to a distinction without a difference as applied to the matter actually before us. However, as this issue has not been properly appealed, we need not determine what, if any, effect that fact has in this case.

[litigant] has an interest at stake in litigation which can be legally protected." *In re: Melancon,* 05-1702, p. 9 (La.7/10/06), 935 So.2d 661, 668. [. . .] In addition, that a party has the legal capacity to appear in court does not alone define standing; rather, standing is gauged also by the specific statutory or constitutional claims that the party presents and the party's relationship to those claims. *Melancon,* 05-1702 at p. 9, 935 So.2d at 668. The standing inquiry requires careful examination of whether a particular litigant is entitled to an adjudication of the particular claims it has asserted. *Melancon,* 05-1702 at p. 10, 935 So.2d at 668 (citing *Allen v. Wright,* 468 U.S. 737, 752, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556 (1984)).

*In re Matter Under Investigation*, 07-1853, 07-1870, 08-1066, p.10 (La. 7/1/09), 15 So.3d 972, 981 (first alteration in original). In addition, when ruling on standing, "it is both appropriate and necessary to look to the substantive issues . . . to determine whether there is a logical nexus between the status asserted and the claim sought to be adjudicated." *Chicago Tribune Co. v. Mauffray,* 08-522, pp. 7-8 (La.App. 3 Cir. 11/5/08), 996 So.2d 1273, 1279 (quoting *Flast v. Cohen*, 392 U.S. 83, 1021 88 S.Ct. 1942, 1953 (1968)).

It is clear that JALH has standing in this matter. It is the owner of the seized documents. "[A]n owner may seek return of seized property in the criminal proceeding even where the owner is not a defendant." *Delta Retail 45, L.L.C. v. Cox*, 44,873, p. 5 (La. App. 2 Cir. 10/28/09), 26 So.3d 200, 204, *writ denied*, 09-2580 (La. 2/5/10), 27 So.3d 304. Moreover, JALH has an interest at stake in litigation which can be legally protected. Louisiana Revised Statutes 13:3715.3(A)(2) states that records of peer review committees of any medical organization:

[S]hall be confidential wherever located and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be available for discovery or court subpoena regardless of where located, except in any proceedings affecting the hospital staff privileges of a physician, dentist, psychologist, or podiatrist, the records forming the basis of any decision adverse to the physician, dentist, psychologist, or podiatrist

may be obtained by the physician, dentist, psychologist, or podiatrist only.

Louisiana Revised Statutes 13:3715.3 "was designed to protect the confidentiality of hospital peer review committee records." *Gauthreaux v. Frank*, 95-1033, p. 1 (La. 6/16/95), 656 So.2d 634, 634. In that JALH is seeking to recover documents that are defined as confidential by statute, it is clear that it has standing to recover said property. This assignment of error is devoid of merit.

Finally, the JDSO claims that the trial court erred in granting the motion to quash when the plaintiffs introduced no proper evidence in the matter.

The standard for reviewing a trial court's determination on a motion to quash depends on whether the motion involves legal issues, factual determinations, or any combination thereof. *State v. Hall,* 13-453, (La.App. 4 Cir. 10/9/13), 127 So.3d 30. Where the underlying motion to quash involves legal issues only, an appellate court should apply a de novo standard of review. *Id.* However, where the motion to quash involves factual determinations or a mixed determination of facts and law, the appellate court should apply an abuse of discretion standard. *Id.* "Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion." *State v. Love,* 00-3347, pp. 9-10 (La. 5/23/03), 847 So.2d 1198, 1206.

A search of the jurisprudence of this State finds that prosecutions for criminal defamation are few and far between, to say the least. It is clear from the record that the Jefferson Parish District Attorney is not going to prosecute this matter as directly stated to the trial court by the District Attorney. Further, it is

clear from reading the warrant issued that the affidavit it was issued upon was full of Mr. Ellender's mere conclusions about an opinion allegedly contained in a reference letter, rather than fact. The United States Supreme Court held that "'[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others.'" *United States v. Leon,* 468 U.S. 897, 915, 104 S.Ct. 3405, 3416 (1984) (quoting *Illinois v. Gates*, 462 U.S. 213, 239, 103 S.Ct. 2317, 2333 (1983)).

Moreover, the pro tem judge who issued the warrant almost immediately sealed the documents seized, evidencing that even he had concerns about the legality of the warrant, which sought information that was clearly protected by law. Ultimately, the pro tem judge who issued the warrant basically placed the matter on hold for the regular trial judge to return. It is clear that the trial judge who quashed the warrant would never have granted the warrant in the first place.[2] Sending this matter back to him in any capacity would only result in the same disposition after further waste of time and money. Based on the scant record before us, we can find no abuse of the trial court's discretion in making that finding, in quashing the warrant, or in returning the documents.[3] Therefore, the decision of the trial court is affirmed.

---

[2] The trial court noted in his reasons for judgment that if a search warrant were issued under the circumstances of this case, then search warrants would be requested every time someone did not receive a job or loan based on an allegedly bad review.

[3] JDSO claims that the trial court's ex parte communication with the Jefferson Davis Parish District Attorney, who stated he would not prosecute this case, constituted reversible error on the part of the trial court. While the ex parte communication is problematic, to say the least, that discussion was not the sole reason the trial court cited for his determination. He also considered the statutory protection in place for the documents, the offense alleged, the timing of the warrant and the pro tem judge's immediate actions in sealing it as well. In light of these other factors, as well as the bare, conclusory nature of the affidavit in the warrant, the trial court had several other factors which support his conclusion, and we find the ex parte communication to be harmless.

The decision of the trial court below is hereby affirmed.  Costs of this appeal are hereby assessed against the JDSO.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal.  Rule 2–16.3.