933 So.2d 219 (2006)
STATE of Louisiana
v.
Corey SMITH.
No. 2005-KA-1120.
Court of Appeal of Louisiana, Fourth Circuit.
May 24, 2006.
*220 Eddie J. Jordan, Jr., District Attorney, David S. Pipes, Assistant District Attorney, New Orleans, LA, for Appellant, State of Louisiana.
(Court Composed of Judge JAMES F. MCKAY, III, Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
The State of Louisiana appeals from a trial court judgment quashing the bill of information filed against the defendant, Corey Smith. We reverse.

STATEMENT OF THE CASE
On July 15, 2004, the defendant was charged with one count of possession of cocaine, a violation of La. R.S. 40:967(C). Trial commenced on September 22, 2004, but ended in a mistrial when the jury was unable to reach a verdict. On October 21, 2004, the new trial date, the State orally moved for a continuance when one of its witnesses failed to appear. After the trial court denied the continuance, the State entered a nolle prosequi. Several months later, on January 12, 2005, the State reinstituted the prosecution under case number 455-214, the instant matter. The defendant pled not guilty to the new bill of information. On March 18, 2005, the defendant filed a written motion to quash the bill of information, arguing that his constitutional right to a speedy trial had been denied. The trial court granted the defendant's motion, and the State now appeals.

STATEMENT OF THE FACTS
The facts of the defendant's alleged offense are contained in the narrative of the police report in the record. According to the report, at approximately 1:30 a.m., two officers on routine patrol in the 2000 block of Martin Luther King, Jr. Blvd., an area known for narcotics activity, saw two men slumped over the rear of a vehicle. The officers decided to investigate. During their interview with the subjects, one of whom was the defendant and the other Thaddeus Baxter, the officers noted that both men had slurred speech, dilated pupils, and could not stand up properly. Deeming the men a danger to themselves, the officers arrested both of them for the municipal offense of drug incapacitation. 17,389 M.C.S. § 54-405. In a search incidental to the arrest, the officers found cocaine in the defendant's pocket. They also seized $598.00 in currency from the defendant.

DISCUSSION
Although the trial judge gave no reasons at the time he ruled, he later issued a per curiam, explaining that he granted the motion to quash because the State earlier had entered a nolle prosequi after he denied its motion to continue for failure to conform with the requirements of La. C.Cr.P. art. 707. Article 707 provides that a motion for a continuance must be in writing, must specifically allege the grounds upon which it is based, and must be filed at least seven days prior to the commencement of trial. The State argues that the trial court abused his discretion by quashing the bill of information as a sanction for its failure to comply with the requirements of La.C.Cr.P. art. 707. The State does not dispute that it orally moved for a continuance on October 21, 2004, because one of its witnesses was not present, and when the motion was denied, that it nolle prosequied the case. The State argues, however, that its failure to comply with La.C.Cr.P. art. 707 was unavoidable due to the surprise non-appearance of its witness, and thus it did not intentionally circumvent the rules of procedure as suggested by the trial court in his per curiam. It also suggests that the trial *221 court's remedy for its failure to comply with La.C.Cr.P. art. 707 was the action taken at the time, i.e. denying the continuance, and not quashing the bill of information.
La.C.Cr.P. art. 532, relative to the general grounds for a motion to quash, provides:
A motion to quash may be based on one or more of the following grounds:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.
(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
(6) Trial for the offense charged would constitute double jeopardy.
(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
(8) The court has no jurisdiction of the offense charged.
(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.
Furthermore, La.C.Cr.P. art. 534, relative to special grounds for a motion to quash information, provides:
A motion to quash an information may also be based on one or more of the following grounds:
(1) The information was not signed by the district attorney; or was not properly filed.
(2) The offense is not one for which prosecution can be instituted by an information.
The defendant's written motion to quash does not assert any ground enumerated in La.C.Cr.P. art. 532 or art. 534 as a basis for quashing the bill of information against him, and the Code of Criminal Procedure does not provide for quashing a bill of information for the failure to comply with the mandates of La.C.Cr.P. art. 707. Although the trial judge may have been frustrated by the State's failure to have its witness appear for trial, he had no valid basis to quash the bill of information in this case, where the defendant's constitutional right to a speedy trial was not violated. Moreover, the State has plenary authority pursuant to La.C.Cr.P. art. 576 to dismiss a charge and then reinstitute prosecution in any case, such as this one, where doing so does not circumvent the statutory time limits for commencing trial under La.C.Cr.P. art. 578.[1] Thus, considering the circumstances of this case, the trial court abused his discretion in quashing the bill of information.

CONCLUSION
Accordingly, the judgment of the trial court granting the defendant's motion to *222 quash the bill of information is reversed. The case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] La.C.Cr. P. art. 578 provides that no felony trial, except in a capital case, shall commence after two years from the date of institution of the prosecution. The two-year time limit in this case was not close to expiring.