PATRICIA RIVET MURRAY, Judge.
|! This is a criminal appeal. The State is the appellant. The sole issue presented is whether the trial court erred in granting the motion to quash the bill of information filed by the defendant, Theopulis Bias, after the State entered a nolle prosequi on the day of trial and two days later reinstated the charge. Answering that question in the affirmative, we reverse and remand.
STATEMENT OF CASE
On February 23, 2005, under case number 456-561, the State filed a bill of information charging Mr. Bias with possession of cocaine. On March 9, 2005, Mr. Bias entered a not guilty plea. On April 15, 2005, a motions hearing was continued at Mr. Bias’ request. On May 17, 2005, a motions hearing was held. Because the police officer did not appear at the hearing, the district court found no probable cause and set a trial date of June 20, 2005. On the trial date, the State entered a nolle prosequi. Two days later, on June 22, 2005, the State reinstituted the charge under case number 460-542.[1] On July 7, 2005, Mr. Bias failed to appear for his arraignment; his arraignment was continued until July 15, 2005. At |2his arraignment, Mr. Bias entered a not guilty plea, *799 and a motions hearing was set for August 19, 2005. On August 9, 2005, Mr. Bias filed a motion to quash. On August 19, 2005, the motions hearing was continued on the State’s motion; the State requested additional time to respond to the motion to quash. On August 22, 2005, a motions hearing was held. Mr. Bias failed to appear, and the State again requested additional time to respond to the motion to quash. The trial court continued the motions hearing until August 28, 2005. At the motions hearing, the district court granted the motion to quash. This appeal followed.
STATEMENT OF FACT
The facts of this case are unknown and irrelevant.[2]
DISCUSSION
The only issue the State raises in this appeal is whether the trial court erred when it granted Mr. Bias’ motion to quash the bill of information. The district court gave no reasons for granting the motion to quash. The sole ground raised in Mr. Bias’ motion was the denial of his constitutional right to a speedy trial. The State argues that the district court erred in granting the motion to quash because Mr. Bias’ right to a speedy trial was not violated.
Both the Louisiana Supreme Court and this court have recognized that the State has the authority to enter a nolle prosequi and to reinstitute the charge.[3] The | ¡jurisprudence, however, has recognized that this authority may be overborne under the circumstances of any given case by the defendant’s constitutional right to a speedy trial. State v. Love, 00-3847 (La.5/23/03), 847 So.2d 1198; State v. Scott, 04-1142 (La.App: 4 Cir. 7/27/05), 913 So.2d 843.
A defendant challenging the State’s nolle prosequi and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. State v. Henderson, 00-0511, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142. The proper procedural mechanism for challenging the State’s nolle prosequi and reinstitution of charges is a motion to quash. State v. Reaves, 376 So.2d 136, 137-38 (La.1979). A court’s resolution of a motion to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a case-by-case basis. State v. Batiste, 05-1571, p. 5 (La.10/17/06), 939 So.2d 1245, 1249 (citing Love, 00-3347 at p. 14, 847 So.2d at 1209). When the district attorney evidently is flaunting his authority in order to favor the State at the defendant’s ex *800 pense (such as placing the defendant at risk of losing witnesses), the trial court should grant the motion to quash. In such cases, if the trial court denies the motion, the court of appeal should reverse. Id.
The standard for analyzing a defendant’s claim that his constitutional right to a speedy trial has been violated is the four factor test enunciated in Barker v. Wingo, 407 U.S. 514, 530, 531-32, 92 S.Ct. 2182, 2192-93, 33 L.Ed.2d 101 (1972), which is as follows: (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right to a speedy trial, and (4) the prejudice to the defendant. Batiste, 05-1571 at p. 7, 939 So.2d at 1250. The circumstances of each individual case will determine the weight to be ascribed to the length of and the reason for the delay. Id. “[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.” Reaves, 376 So.2d at 138 (quoting Barker, 407 U.S. at 531, 92 S.Ct. at 2192).
Applying those principles, the Louisiana Supreme Court in Batiste, supra, found no speedy trial violation under the facts of that case. The defendant in that case was charged with video voyeurism. Nineteen months elapsed between the filing of the original bill and the quashing of the reinst-ituted charges. The Court found the reasons for the delay could not be attributed solely to the State and that there was no intentional delay on the State’s part to gain a tactical advantage. The Court further found that there was no suggestion that the defendant’s defense was impaired by the delay. The Court noted that the defendant was not in jail during the delay and that there was no indication that any evidence was lost due to the delay. The Court emphasized that the State had a legitimate reason for its nolle prosequi— the victim was not present for trial and was wavering in her commitment to going forward with the case. Given these circumstances, the Supreme Court reversed this court’s decision, which affirmed the trial court’s ruling granting the defendant’s motion to quash.
Analyzing Mr. Bias’ alleged speedy trial violation under the Barker factors, the delay in this case was only six months.[4] Other than the continuance requested |Rby the State on June 20, 2005, Mr. Bias’ original trial date, the State did not request another continuance until after Mr. Bias filed his motion to quash. The State’s subsequent request was so that it could respond to the motion to quash. Mr. Bias did not assert his right to a speedy trial until he filed his motion to quash. Finally, Mr. Bias has not alleged, nor does the record support, a finding of prejudice caused by the delay. Mr. Bias has been released on bond throughout the proceedings, and there is no indication that he has lost any witnesses or evidence. Given these circumstances, we find no violation of Mr. Bias’ constitutional right to a speedy trial. We thus find the district court erred in granting the motion to quash.
DECREE
For the forgoing reasons, the judgment of the district court is reversed, and the *801 matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED.

. The case was originally allotted to Section L. On June 23, 2005, the case was transferred to Section K to follow case number 456-561.

. Due to Hurricane Katrina, the record for case number 456-561 is unavailable. We granted the State’s motion to supplement the record with the certified copy of the docket master.

. The State's authority to dismiss any prosecution without the consent of the court is recognized in La.C.Cr. P. art. 691. Under La.C.Cr.P. art. 576, the State is authorized to reinstitute the charges within six months of dismissal. In this case, the State reinstituted the charges against Mr. Bias two days after the dismissal. The State, however, is required to show that the dismissal of the original prosecution was not for the purpose of avoiding the time limitations set by Article 578. Given that the charge at issue in this case is a non-capital felony (possession of cocaine), Article 578 required the State to bring Mr. Bias to trial within two years from the date of the bill of information. La.C.Cr. P. art. 578. The original bill of information was filed on February 23, 2005, and the motion to quash was granted on August 23, 2005, only six months later. The State did not dismiss the first case in order to avoid the time limitations of Article 578. Thus, Mr. Bias' statutory right to a speedy trial had not been violated at that point. The sole issue is whether the constitutional speedy trial requirement was satisfied.

. Considering the factors in the case at hand, the six-month delay is not presumptively prejudicial. This court has found more lengthy delays non-violative of the right to a speedy trial. See State v. DeRouen, 96-0725 (La.App. 4 Cir. 6/26/96), 678 So.2d 39 (fifteen months elapsed between institution of prosecution and motion to quash two counts of possession with intent to distribute cocaine and one count of possession of 28 to 200 grams of cocaine not violative).