LEON A. CANNIZZARO, Jr., Judge.
liThe defendant, Adolph Ross, filed a motion to quash the bill of information against him. The district court granted the motion, and the State of Louisiana is appealing the judgment granting Mr. Ross’ motion.
STATEMENT OF THE CASE
On August 2, 2004, Mr. Ross was charged with one count of vehicular homicide in violation of La. R.S. 14:32.1. Mr. Ross pled not guilty at his arraignment. On September 10, 2004, the district court found probable cause to try Mr. Ross and set a trial date for October 18, 2004. On October 1, 2004, his motion to suppress a confession was denied. Mr. Ross filed an application with this Court seeking supervisory review of the denial of his motion to suppress his confession. The application was denied.
On October 18, 2004, the State moved for a continuance on the ground that DNA testing of the evidence against Mr. Ross was incomplete. Mr. Ross did not object to the continuance. The trial date was continued to November 30, 2004.
lijOn October 27, 2004, the State filed a motion to compel the New Orleans Police Department (the “NOPD”) to release five samples of blood to an investigator for the State so that DNA testing could be done. The motion was granted.
On November 24, 2004, the State filed a motion to continue the trial, because the DNA testing was still incomplete and the evidence from the testing was necessary to the prosecution of the case. After a hearing on the motion for a continuance, the motion was denied. In a per curiam, dated November 30, 2004, the district court judge noted that as of November 29, 2004, the State still had not forwarded the blood samples to the laboratory for DNA testing. The judge stated in the per curiam:
This Court denied the State’s request for a continuance for the following reasons. First, the State failed to comply with the requirement in C.Cr.Pro. Article 707 that all motions for continuances shall be filed seven days before the trial date. The Court found the State’s fail *169 ure to meet this deadline particularly galling because the prosecutors knew the necessary DNA testing had not been done well before November 24. Secondly, the Court is of the opinion that the State has had ample time to do the desired forensic testing. Obviously, when the State filed the bill of information on August 2 it felt that it had sufficient evidence to convict. Now, nearly four months later, it seeks a continuance for more tests when it has not even forwarded the physical evidence to the testing agency yet.
The State sought to have the denial of its motion for a continuance reviewed by this Court, so it filed a supervisory writ application, but it withdrew the application before this Court could rule on the application. In its writ application the State wrote, “On November 29, 2004, during a pretrial motion hearing, New |aOrleans Crime Lab technicians testified before the Honorable Judge, Raymond Bigelow that they were ‘backed up’ and unable to process the blood and hair samples removed from the defendant’s vehicle in time for the November 30, 2004 trial date.”[1]
Prior to trial on November 30, 2004, the State entered a nolle prosequi. On January 19, 2005, the case was reinstated, and on February 4, 2005, Mr. Ross appeared for arraignment. Instead of entering a plea, he filed a motion to quash the bill of information for the reinstated charge. On March 4, 2005, the State and Mr. Ross argued the merits of his motion to quash, which was granted by the district court. The State is now appealing the judgment granting Mr. Ross’ motion.
STATEMENT OF FACTS
The State alleged that Mr. Ross struck and killed a pedestrian as she walked along General Meyer Avenue and Tullís Drive in New Orleans. While he was on patrol, NOPD Lieutenant Dwayne Schuer-mann stopped a brown vehicle that exhibited heavy damage to its front right side and windshield. It appeared to Lieutenant Schuermann that a large object had struck the windshield. The driver of the vehicle was identified as Mr. Ross. Lieutenant Schuermann then learned that a hit and run fatality involving a brown vehicle had recently occurred in the area.
NOPD Officer Octave La Roche, who was assigned to the fatality unit of the NOPD traffic division, was called to the scene of the stop. He examined Mr. Ross’ vehicle and interviewed him. After concluding that the damage to Mr. Ross’ vehicle was consistent with damage caused by hitting a pedestrian, Officer |4LaRoche advised Mr. Ross of his constitutional rights and told him why he was under investigation.
Mr. Ross then admitted that he struck an object on General Meyer Avenue and that the collision damaged his vehicle. Mr. Ross, however, stated that he did not know what his vehicle struck and that he fled the scene of the collision, because he was scared.
The report prepared by Officer LaRoche noted that he smelled a strong odor of alcohol on Mr. Ross’ breath during the interview. Officer LaRoche transported Mr. Ross to a police station. Mr. Ross agreed to submit to breath and urine tests that were conducted by Officer LaRoche. The tests revealed that Mr. Ross had a blood alcohol content of 0.19 percent, which was over the legal limit of 0 .08 percent. Officer LaRoche then arrested *170 Mr. Ross for hit and run driving and vehicular homicide.
DISCUSSION
Timeliness of the Appeal
Mr. Ross has asserted that the appeal in this case was not timely filed. Once a motion for an appeal has been filed within the applicable time periods set forth in La.C.Cr.P. art. 914, there is no further action that must be taken by the State until the record is lodged with the court of appeal. The failure of the trial court, the court reporter, the minute clerk, or the clerk of court[2] to perform their functions in connection with the filing of a criminal appeal does not affect the validity of the appeal. La.C.Cr.P. arts. 915(A) and (B) and 915.1(B).
Ijn the instant case the motion for an appeal was clearly timely, because it was orally made at the hearing immediately after the motion to quash was granted. Once the notice of appeal was given, the trial court, the court reporter, the minute clerk, and the clerk of court were responsible for preparing the record for the lodging of the appeal. In contrast, in the case of an application for a supervisory writ, the burden of filing the application timely is on the party seeking the writ. If the relator fails to timely file the writ application, the application is not considered. Rule 4-3, Louisiana Uniform Rules— Courts of Appeal.
The motion for appeal was timely made in the instant case. Mr. Ross’ claim that the appeal was not timely is without merit. Assignment of Error by the State
The sole assignment of error raised by the State is that the district court erred in granting Mr. Ross’ motion to quash. The State argues that the basis upon which the district court granted the motion was not a proper basis for granting a motion to quash. The reason that the district court granted the motion was that the State circumvented the district court’s denial of a continuance when the State’s motion to continue the trial was denied. The State used its power to enter a nolle prosequi and then reinstated the charge against Mr. Ross. Thus, the State, in effect, granted itself a continuance after the district court had denied it.
La.C.Cr. P. art. 532 sets forth the general grounds upon which a motion to quash can be granted. That article provides:
A motion to quash may be based on one or more of the following grounds:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such 1 ficase the court may permit the district attorney to amend the indictment to correct the defect.
(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
*171 (6) Trial for the offense charged would constitute double jeopardy.
(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
(8) The court has no jurisdiction of the offense charged.
(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.
La.C.Cr.P. art. 534 sets forth the special grounds for a motion to quash a bill of information. La.C.Cr.P. art. 534 provides:
A motion to quash an information may also be based on one or more of the following grounds:
(1) The information was not signed by the district attorney; or was not properly filed.
(2) The offense is not one for which prosecution can be instituted by an information.
The motion to quash filed by Mr. Ross did not assert as a basis for the motion any of the grounds enumerated in La.C.Cr.P. arts. 532 and 534. The jurisprudence has established, however, that there may be additional grounds upon which a motion to quash can be based in a criminal case. For example, it is clear that when the constitutional right of a defendant to a speedy trial is denied, a motion to quash should be granted. See, e.g., State v. Love, 00-3347, pp. 14-21 (La.5/23/03), 847 So.2d 1198, 1209-1213. The denial of the right to a speedy trial can cause a defendant to be oppressively incarcerated prior to trial, can prejudice [7the defendant if the defendant’s witnesses or evidence are lost as a result of a delay in the trial, and can unnecessarily increase the anxiety and concern of the defendant. Id.
In the Love case the Supreme Court also discussed another possible justification for granting a motion to quash that is not enumerated in the statutes that detail the grounds upon which a motion to quash may be granted. The Supreme Court stated:
In situations where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation.
00-3347, p. 14, 847 So.2d at 1209. Thus, when the State’s action in reinstituting a ease after the entry of a nolle prosequi denies the defendant’s constitutional right to due process, a motion to quash an indictment or bill of information may be appropriate when a case is reinstituted after the entry of the nolle prosequi Each case, however, must be decided on the basis of the facts and circumstances of the individual case. Id.
In the instant case Mr. Ross did not assert in his motion to quash that by reinstituting his case that the State denied him a speedy trial, that any of his procedural or constitutional rights were violated, or that his ability to defend himself had been prejudiced. The sole basis for his motion to quash was the State’s circumvention of the district court’s previous denial of the State’s motion to continue.
In State v. Polk, 05-1118 (La.App. 4 Cir. 5/31/06), 933 So.2d 838, this Court considered whether the State’s circumvention of the district court’s denial of|sa continuance by using a nolle prosequi to dismiss a charge that was subsequently reinstated was permissible. See also State v. Smith, 05-1120 (La.App.5/24/06), 933 So.2d 219. In the Polk case this Court stated:
The State has plenary authority pursuant to La.C.Cr.P. art. 576 to dismiss a *172 charge and then reinstitute prosecution in a case, such as this one, where doing so will not circumvent the statutory time limits for commencing trial under La. C.Cr.P. art. 578. Therefore, considering the circumstances of this case, the trial court abused his discretion in quashing the bill of information.
05-1118, p. 5, 933 So.2d at 841 (footnote omitted). La.C.Cr.P. art 578 provides that no felony trial, except in a capital case, shall commence after two years from the date of the institution of the prosecution.
Thus, the State had the authority in the instant case to enter a nolle prosequi and to reinstitute the charges against Mr. Ross if his constitutional and procedural rights were not violated, if he was not prejudiced in his defense, and if the motion to quash by Mr. Ross was not based on any of the grounds for granting a motion to quash set forth in La.C.Cr.P. arts. 532 and 534. In the instant case we find that none of these factors were present. Additionally, we do not find that the district attorney was “flaunting his authority” in this case, as was discussed in the Love case. 00-3347, p. 14, 847 So.2d at 1209.[3] Therefore, we find that the district court improperly granted Mr. Ross’ motion to quash.
^DECREE
The judgment of the district court granting Mr. Ross’ motion to quash is reversed. This case is remanded to the district court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED

. Neither the record before us nor the State's writ application contained a transcript of the hearing.

. In the Criminal District Court for the Parish of Orleans, the Judicial Administrator's office is responsible for preparing the record and forwarding it to the court of appeal.

. The reason the State requested the continuance that was denied was that the State was waiting for DNA testing to be completed. Statements that were made at the March 4, 2005 hearing on Mr. Ross' motion to quash indicated that the DNA testing had been completed by the time of Mr. Ross’ arraignment on the reinstituted charge.