PER CURIAM.
|2The defendant, Raymond L. Austin, was charged by bill of information with simple burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2. He pled not guilty. At the conclusion of a bench trial, the defendant was found guilty as charged. The state filed a multiple offender bill of information seeking to have the defendant adjudicated a habitual offender and sentenced under La. R.S. 15:529.1.[1] Following a hearing, the defendant was adjudicated a *1009 third-felony habitual offender. He subsequently was sentenced to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The defendant now appeals, asserting the following assignments of error:
1. The district court erred in denying the defendant’s motion to suppress the evidence.
2. The district court erred in imposing an illegal sentence.
Finding no error in either assignment, we affirm the conviction and sentence.
ASSIGNMENT OF ERROR # I: DENIAL OF MOTION TO SUPPRESS
In his first assignment of error, the defendant asserts the district court erred in denying his motion to suppress the evidence based upon the fact that the investigating officers in this case violated the defendant’s Fourth Amendment right to privacy by surreptitiously placing a GPS tracking device on the defendant’s vehicle and monitoring his movement. He argues the information unconstitutionally obtained from the GPS device formed the basis for the stop and search of the defendant’s person on March 3, 2009, and also the basis for probable cause for the issuance of the search warrant for his residence. The defendant |sargues that any evidence seized in connection with this case was fruit of the Fourth Amendment violation and should have been suppressed. In response, the state asserts the defendant failed to raise this particular issue in connection with his motion to suppress filed and argued in the district court and thus, he is precluded from raising the issue for the first time on appeal. Alternatively, the state asserts that placing a GPS device on the exterior of a vehicle does not constitute a search or seizure, and thus, there was no constitutional violation in this case.
Our review of the record in this matter reveals that the state is correct in its assertion that the defendant did not argue below, as he has on appeal, that the use of the GPS tracking device was in violation of his Fourth Amendment right to privacy. In the defendant’s motion to suppress the evidence,[2] the defendant challenged “the issuance of a warrant on mere suspicion.” At the hearing on the motion to suppress, the defendant argued only that the warrant issued allowing the search of his residence (after he was arrested on the street for illegal possession of a weapon) was invalid as it was not based upon probable cause. Defense counsel argued:
Judge, I’m arguing that the warrant that was signed by the magistrate was not even based on probable cause enough to search my client’s residence.
_k---
I mean, this would be similar to someone stopping him on the street and finding cocaine in his pocket, and then going *1010 and getting a warrant to search his home to find — to search for cocaine.
The issue raised in this appeal, whether the defendant’s constitutional right to privacy was violated by the use of the GPS tracking device, was not articulated by the defendant or addressed by the state or the court during the hearing below. This new basis for the motion to suppress has been raised for the first time on appeal It is well settled that a new basis or ground for the motion to suppress cannot be articulated for the first time on appeal. This is prohibited under the provisions of La.Code Crim. P. art. 841 since the trial court would not be afforded an opportunity to consider the merits of the particular claim. See State v. Williams, 2002-1030, 2002-0898 (La.10/15/02), 830 So.2d 984, 988. The defendant herein is precluded from raising a new basis for his motion to suppress on appeal.

ASSIGNMENT OF ERROR #2: ILLEGAL SENTENCE

In his second assignment of error, the defendant argues the trial court erred in sentencing him to life imprisonment at hard labor under La. R.S. 15:529.1. Specifically, the defendant argues that because the offense of simple burglary of an inhabited dwelling is “not punishable by twelve years or more,” it cannot be used to impose a life sentence under La. R.S. 15:529.1.
Louisiana Revised Statutes 15:529.1(A)(l)(b)(ii) (prior to the 2010 amendments) provided in pertinent part:
If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), ... or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
|fiThe felony convictions considered in the adjudication of the defendant as a third-felony habitual offender were for armed robbery and simple burglary of an inhabited dwelling. Armed robbery is a crime of violence. See La. R.S. 14:2(B)(21). Louisiana Revised Statutes 14:62.2 provides, “[wjhoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.” (Emphasis added). Thus, contrary to the defendant’s claims, the offense of simple burglary of an inhabited dwelling is clearly punishable by imprisonment for twelve years (which is the maximum sentence). Therefore, all three of the defendant’s pri- or convictions fall within the purview of La. R.S. 15:529.1(A)(l)(b)(ii). The sentence of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence is not illegal. This assignment of error lacks merit.
For these reasons, the conviction and sentence are affirmed.
AFFIRMED.

. The habitual offender bill of information alleged that the defendant previously pled guilty on August 26, 1982, in the 19th Judicial District Court, docket number 4-82-224, to seventeen felony counts of simple burglary of an inhabited dwelling. The defendant also pled guilty on April 15, 1993, in the 19th Judicial District Court, docket numbers 3-92-291 and 2-92-1170, to two counts of armed *1009 robbery and one count of simple burglary of an inhabited dwelling.

. The record reflects, on September 15, 2008, the defendant, through his original trial counsel, filed a motion to suppress any confessions and other inculpatory statements. In this motion, the defendant argued any statements made to the police were not free and voluntary as they were made "under the influence of fear, duress, intimidation, menaces, threats, inducements, and promises, and/or without mover having been advised of his right to remain silent, right to counsel, etc.”
This motion was never ruled on by the trial court. As the proponent of the motion to suppress, it was incumbent on the defendant to move for a hearing and to obtain a ruling on his motion prior to proceeding to trial. Otherwise it may be considered that the motion has been abandoned. See State v. Wag-ster, 361 So.2d 849, 856 (La.1978). On January 12, 2009, original counsel was replaced by a subsequent attorney, who filed the motion to suppress the evidence discussed in this appeal.