ROSEMARY LEDET, Judge.
I,In this criminal appeal, the State seeks review of the district court’s judgment granting the motion to quash filed by the defendant, Tayra Hall. Ms. Hall agrees that the district court erred in granting the motion to quash, but she contends that the State is not entitled to any relief on appeal. Rather, she contends that the State’s appeal should be dismissed as abandoned due to its failure to take any steps to proceed with its appeal for almost three years. For the reasons that follow, we find the State has not abandoned its appeal and reverse the district court’s judgment granting the motion to quash.

*33
STATEMENT OF THE CASE

On May 20, 2010, Ms. Hall was charged by bill of information with one count of possession of cocaine in violation of La. R.S. 40:967(C). On June 11, 2010, Ms. Hall was arraigned and pled guilty.[1] Following her guilty plea, the district court conducted a Boykin colloquy to verify that she was knowingly and voluntarily waiving her constitutional rights set forth on the guilty plea form, including her right to trial by jury, her right to confront her accusers, and her ^privilege against compulsory self-incrimination.[2] The district court then requested the State to provide a factual basis for the plea. During the State’s statement of the factual basis, the district court discovered that the police officers had not field tested the substance found on Ms. Hall and that the State had not obtained a crime laboratory report confirming that the substance was cocaine.
Subsequently, Ms. Hall was allowed to withdraw her guilty plea and to enter a plea of not guilty. Ms. Hall also was allowed to file a handwritten motion to quash the bill of information. The sole basis for her motion to quash was the State’s failure to provide evidence that the substance seized from her was a prohibited narcotic. The district court granted the motion to quash from the bench. The State objected to the district court’s ruling and noticed its “intent to appeal and lodge a record.” The district court “noted” the State’s “notice of appeal.” No return date was set at that time.[3]
No further steps were taken to advance the State’s appeal until approximately three years later. On March 27, 2013, the district court set an appeal status for April 8, 2013. On April 2, 2013, the district court’s clerk of court issued a notice of appeal.[4] The record was lodged with this Court on April 10, 2013. Thereafter, the parties timely filed their briefs.
| STATEMENT OF THE FACTS[5]
On May 5, 2010, the police officers stopped Ms. Hall for driving a vehicle with an inoperable license plate light and for a seatbelt violation. A name check revealed that Ms. Hall was driving under a suspension. A vehicle identification number (“VIN”) check revealed that Ms. Hall was driving a stolen vehicle. The officers advised Ms. Hall of her Miranda rights and that she was under arrest. During the *34 search incident to arrest, the officers recovered a crack rock, a purple lighter, and $250.00. Ms. Hall was charged with possession of cocaine. As noted, the officers did not conduct a field test of the substance found on Ms. Hall. Nor did the State obtain a crime laboratory report confirming that the substance was cocaine.

DISCUSSION

The State’s sole assignment of error is that the district court “abuse[d] its discretion when it granted the defendant[’s] motion to quash.” As noted at the outset, Ms. Hall agrees that the district court erred in granting the motion to quash, but she contends that the State’s appeal should be dismissed because it abandoned its appeal. She also suggests that the State’s appeal is procedurally deficient. Before reaching the merits of the State’s appeal, we address the alleged procedural deficiencies in the State’s appeal and the abandonment issue.

Procedural deficiencies in the State’s appeal

Ms. Hall suggests that the State’s appeal is procedurally deficient in the following two respects: (i) the State’s oral notice of its “intent to appeal and lodge |4a record” is insufficient to constitute a notice of intent to appeal; and (ii) the district court’s response of “your notice of appeal is noted” is insufficient to constitute the granting of the motion. Neither of the suggested deficiencies is valid.
First, there is no requirement that the motion for appeal be in writing; an oral motion is sufficient. La.C.Cr.P. art. 914 (providing that “[a] motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.”); see State v. Wright, 95-377, pp. 3-Í (La.App. 3 Cir. 11/8/95), 664 So.2d 712, 714. In this case, the State orally noted its intent to appeal; and the minutes of the court document the State’s oral notice. The State’s oral notice of appeal was sufficient.
Second, the district court’s response to the State’s oral motion — “your notice of appeal is noted” — was sufficient to constitute granting the motion. See State v. Chambers, 07-0398, pp. 2-4 (La. App. 4 Cir. 8/22/07), 966 So.2d 98, 100-01 (finding it insignificant that the district court’s response to the State’s oral notice of intent was “not a problem” and that it did not specifically grant the motion on the record); see also Wright, 95-377 at pp. 3-4, 664 So.2d at 714 (finding that a district court’s comments in response to the State’s oral motion for appeal that “[y]ou may-may consider it timely, but I think you want it in writing” should be construed as granting the motion for appeal).

Abandonment of appeal

Ms. Hall’s principal defense to the State’s appeal is that it should be dismissed as abandoned because the State failed to pursue the appeal for three years. This court recently addressed and rejected this same abandonment argument in State v. Brooks, 13-0540 (La.App. 4 Cir. 9/18/13), 124 So.3d 1129, 2013 WL 5274244. In Brooks, supra, the State timely filed a motion for appeal. The district court timely granted |fithe motion and set a return date of April 18, 2010, but the district court clerk never filed a notice of appeal. Three years later, on March 13, 2013, the trial court set a new return date of April 15, 2013. On the same date, the minute clerk issued a notice of appeal. On March 21, 2013, the clerk of the district court forwarded the notice of appeal to this court. The record was lodged a month after the extended return date. On appeal, the defendant argued that the State’s *35 appeal should be dismissed as abandoned because of the three year delay between the granting of the State’s motion for appeal and the lodging of the record.
Addressing the defendant’s argument, this court first noted the following distinction between civil and criminal appeals:
A civil appeal may be dismissed as abandoned when the parties fail to take steps in its prosecution or disposition for the time periods provided in the rules of the appellate court. See La. C.C.P. art. 561(C); La. C.C.P. art. 2162. Rule 20 of the Fourth Circuit Court of Appeal Local Rules provides that, “when no activity occurs in a [civil] appeal for three years, the appeal shall be dismissed as abandoned,” except in certain circumstances. There are no comparable provisions in the Code of Criminal Procedure or the rules of this Court that authorize the dismissal of a criminal appeal.
Brooks, 13-0540 at p. 2, 124 So.3d at 1131. This court next cited La.C.Cr.P. art. 915.1[6] and noted that under that article “the failure to timely lodge an appeal or to | fiobtain an extension of the return date should not cause an appellant to lose his right to appeal unless the failure was caused by the appellant.” Brooks, 13-0540 at p. 3, 124 So.3d at 1132. Finally, this court concluded that there was no basis for the defendant’s abandonment argument, reasoning:
Mr. Brooks cites no cases holding that an appeal that was timely moved for by the State should be deemed abandoned merely because the district court personnel failed to lodge the record by the return date or even within three years. He instead cites two cases holding that a defendant who had filed a pleading in the district court but failed to seek a hearing or a ruling on the pleading was deemed to have abandoned it. State v. Fugler, 09-1822 (La.9/17/10), 45 So.3d 1060; State v. Austin, 11-0122 (La.App. 1 Cir. 6/10/11), 99 So.3d 1008. These two cases are distinguishable from this case. In this case, the State timely moved for an appeal, and the district court did not delay in granting the motion. At that point, the burden fell upon the district court personnel, not the State, to have the record lodged. There is nothing in the record to indicate that the State in any way caused the delay. Mr. Brooks asserts only that the prosecutor should have inquired about the appeal during one of the many appeal status hearings held. None of the minute entries, however, reflects that a State representative was present at the status hearings. Furthermore, the district court was in the same, or better, *36 position to determine' the status of the appeal and why it was not yet lodged.
Because there is nothing in the record to indicate that any delay in lodging the appeal was the fault of the appellant— the State — and because there are no statutes or rules of court authorizing dismissal of a criminal appeal as abandoned, we deny Mr. Brooks’ motion to dismiss this appeal as abandoned due to the lapse of time from the granting of the motion for appeal to the lodging of the record in this court.
Brooks, 13-0540 at p. 4, 124 So.3d at 1133.
Another case relevant to the abandonment issue presented in this case is State v. Ross, 06-1328 (La.App. 4 Cir. 3/14/07), 955 So.2d 167. In Ross, supra, the defendant challenged the timeliness of the State’s appeal due to the district court clerk’s delay in lodging the record. Finding the State’s appeal timely, we |7held that once the State timely moves for an appeal, “there is no further action that must be taken by the State until the record is lodged with the court of appeal.” Ross, 06-1328 at p. 4, 955 So.2d at 170. We further reasoned that:
The failure of the trial court, the court reporter, the minute clerk, or the clerk of court [footnote omitted] to perform their functions in connection with the filing of a criminal appeal does not affect the validity of the appeal. La.C.Cr.P. arts. 915(A) and (B)The failure of the trial court, the court reporter, the minute clerk, or the clerk of court [footnote omitted] to perform their functions in connection with the filing of a criminal appeal does not affect the validity of the appeal. La.C.Cr.P. arts. 915(A) and (B)[7] and 915.1(B).
In the instant case the motion for an appeal was clearly timely, because it was orally made at the hearing immediately after the motion to quash was granted. Once the notice of appeal was given, the trial court, the court reporter, the minute clerk, and the clerk of court lawere responsible for preparing the record for the lodging of the appeal.
Id. at pp. 4-5, 955 So.2d at 170; see also State v. Jackson, 07-84, p. 19 (La.App. 5 Cir. 6/26/07), 963 So.2d 432, 443 (refusing to dismiss a defendant’s appeal of his conviction when the record was lodged several months after the return date expired with *37 out an extension because “[o]nce defendant timely moves for an appeal, which was done in the instant case, the clerk handles the matter thereafter...., the failure to lodge the record is not imputable to defendant.”).
In this case, as in Brooks, the State timely moved for an appeal,[8] and the district court on the same day granted the motion. Similar to the defendant in Brooks, Ms. Hall contends that the State’s appeal should nonetheless be dismissed as abandoned because “the State, who is in the courtroom every day, should not be allowed to have waited three years to undertake the very simple task of calling to the court’s attention to the matter.” She further contends that the State’s indifference to this prosecution and to the judicial process constitutes an abandonment of its appeal. In support of contention that the State’s appeal should be dismissed as abandoned, she cites the same two cases cited by the defendant in Brooks—State v. Fugler, 09-1822 (La.9/17/10), 45 So.3d 1060; and State v. Austin, 11-0122 (La. App. 1 Cir. 6/10/11), 99 So.3d 1008. As we explained in | ⅜Brooks, those two cases are inapposite.[9] Neither of those cases address the issue presented here of the State’s alleged abandonment of its appeal.
Applying these principles, we find that Ms. Hall’s contention that the State abandoned its appeal is without a basis. As in Brooks, we find that once the State timely moved for an appeal and the district court granted that motion, the burden fell upon the district court personnel, not the State, to perform their functions — to prepare the record for appeal and to lodge the record. Thus, the district court’s initial failure to set a return date for the State’s appeal, the clerk’s failure to forward notice of the appeal until April 8, 2013, and the fact that the record was lodged on April 10, 2013, two days after the return date, did not affect the validity of the State’s appeal. Although this case has endured delays, the record reflects that the delays in the appeal process cannot be attributed to the State. Accordingly, we find, as in *38 Brooks, supra, that the State did not abandon its appeal.
In the alternative, Ms. Hall argues that her constitutional rights to due process and a speedy trial will be violated if this court finds the State did not abandon its appeal and reverses the district court’s decision to quash the bill of information— which she concedes is erroneous. The defendant in Brooks made this same argument. Rejecting this argument, this court in Brooks stated:
|inMr. Brooks also argues that if this court vacates the district court’s ruling and remands the matter for further proceedings, his rights to due process and a speedy trial will be denied. There is nothing in the record or Mr. Brooks’ appellee brief that shows in what way he will be prejudiced by going to trial now, and it is his burden of demonstrating that his rights have been violated. We find the appropriate remedy is not dismissal of the State’s appeal; rather, we find it appropriate to instruct the district court on remand to reserve Mr. Brooks’ right to file a motion to quash on the basis that his right to a speedy trial has been denied. If Mr. Brooks elects to file a motion on that basis, the district court can conduct a hearing at which Mr. Brooks can make the requisite showing.
Brooks, 13-0540 at p. 4, 124 So.3d at 1134.
The defendant asserting a speedy trial violation has the burden of demonstrating that his or her right to a speedy trial has been violated. See State v. Bias, 06-1153, p. 3 (La.App. 4 Cir. 12/20/06), 947 So.2d 797, 799. In this case, as in Brooks, nothing in the record or in Ms. Hall’s brief shows in what way she will be prejudiced by going to trial now. Her only allegation in her brief is that but for the district court’s erroneous ruling and the State’s inability to produce a crime laboratory report, she would have pleaded guilty and would have completed her sentence of probation over a year ago. Nonetheless, we find the appropriate remedy in this case, as in Brooks, is not to dismiss the State’s appeal, but rather to reserve Ms. Hall’s right to file a motion to quash on the basis that her right to a speedy trial has been denied. See State v. Reaves, 376 So.2d 136, 137-38 (La.1979) (a motion to quash is the proper procedural mechanism for a defendant to assert a violation of his or her constitutional right to a speedy trial). If Ms. Hall elects to file a motion on that basis, the district court can conduct a hearing at which Ms. Hall may make the requisite showing.
We now turn to the merits of the State’s appeal. Before reaching the merits, we address a preliminary issue of the appropriate standard of review.
| ^Standard of Review
As noted, the State frames its assignment of error as whether the district court abused its discretion in granting the motion to quash. Contrary to the State’s suggestion, we find the appropriate standard of review in this case is not an abuse of discretion, but rather a de novo review. Explaining the reason for applying a de novo standard in this context, Judge Bo-nin, in his concurrence in State v. M.C., 10-1107, p. 10 (La.App. 4 Cir. 2/18/11), 60 So.3d 1264, 1270-71 (Bonin, J., concurring) (citing State v. Roach, 10-0991, p. 4 (La. App. 1 Cir. 12/22/10), 68 So.3d 558, 560), aptly stated:
Although a trial court’s ruling on a motion to quash will generally not be reversed absent an abuse of discretion, see State v. Batiste, 05-1571, p. 9 (La.10/17/06), 939 So.2d 1245, 1251, a trial court’s legal findings are subject to a de novo standard of review, see State v. Smith, 99-0606, p. 3 (La.7/6/00), 766 So.2d 501, 504. Here, the trial court’s *39 ruling on the motion to quash was based on a legal finding and is, therefore, subject to this Court’s de novo review.
To summarize, this court in reviewing a motion to quash involving solely a legal issue, such as presented in the instant case, applies a de novo standard of review. State v. Guillott, 12-0652, p. 4 (La.App. 4 Cir. 2/20/13), — So.3d -, - (citing State v. Schmolke, 12-0406, pp. 2-4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298-99). In cases involving other types of motions to quash involving factual determinations — such as speedy trial violations and nolle prosequi dismissal-reinsti-tution cases — this court applies an abuse of discretion standard. M.C., 10-1107 at p. 10, 60 So.3d at 1270; see also State v. Tran, 12-1219, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673, n. 3 (explaining that “[i]n reviewing rulings on motions to quash where there are mixed questions of fact as well as law, as here, a trial judge’s ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion”); State v. Love, 00-3347, pp. 9-10 112(La.5/23/03), 847 So.2d 1198, 1206 (“[b]eeause the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion”). Since this case involves solely a legal issue, we apply a de novo standard of review to determine whether the district court erred in granting Ms. Hall’s motion to quash.

Motion to quash

A motion to quash in a criminal case is equivalent to an exception of no cause of action in a civil suit; hence, “ ‘the court must accept as true the facts contained in the bill of information and the bills of particulars and decide whether or not a crime has been charged.’ ” Schmolke, 12-0406 at p. 3, 108 So.3d at 298 (quoting State v. Lagarde, 95-1497, p. 2 (La.App. 4 Cir. 4/3/96), 672 So.2d 1102, 1103; see also State v. Bremer, 97-0456, p. 3 (La.App. 4 Cir. 12/10/97), 704 So.2d 917, 919). Addressing the purpose and limitations of a motion to quash, the Louisiana Supreme Court in State v. Byrd, 96-2302, pp. 18-19 (La.3/13/98) 708 So.2d 401, 411, stated:
A motion to quash is, essentially, a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. La.C.Cr.P. art. 531 et. seq.; State v. Rembert, 312 So.2d 282 (La. 1975); State v. Patterson, 301 So.2d 604 (La.1974).
In considering a motion to quash, a court must accept as true the facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971); State v. Masino, 214 La. 744, 750, 38 So.2d 622 (1949) (“the fact that defendants may | iahave a good defense is not sufficient grounds to quash the indictment”).

Id.

[10]

In this case, the bill of information charges Ms. Hall with a valid offense— *40 possession of cocaine in violation of La. R.S. 40:967(C). Ms. Hall’s motion fails to allege any of the grounds set forth in either La.C.Cr.P. art. 532[11] or La.C.Cr.P. art. 584.[12] Rather, Ms. Hall’s handwritten motion to quash alleges that “[t]he State 114has failed to provide any evidence that the substance seized from Ms. Hall is a prohibited narcotic” and “[t]here is no finding that the substance is cocaine.” Her motion thus alleges a factual defense, which is not a proper basis for a motion to quash. Stale v. Carter, 11-0859, pp. 2-3 (La.App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182-1183 (holding that “Mr. Carter’s assertion that the seized pills ‘tested negative for violation drugs’ is a factual defense, which is not a proper basis for a motion to quash” and citing State v. Fox, 09-1423 (La.App. 4 Cir. 7/07/10), 43 So.3d 318); Fox, 09-1423 at p. 6, 43 So.3d at 321-22 (holding that district court erred in granting a motion to quash based on the defendant’s assertion that the State presented no evidence to show that the defendant knew the seized vehicle was stolen); State v. Major, 12-0407, pp. 5-6 (La.App. 4 Cir. 1/16/13), 108 So.3d 288, 291 (holding that the district court erred in granting motion to quash based on its determination that “the State was ‘not in a position’ to carry its burden of proof’); State v. Billard, 03-319, p. 9 (La.App. 5 Cir. 7/29/03), 852 So.2d 1069, 1074 (holding that the defendant’s motion to quash improperly raised factual questions of guilt or inno *41 cence). Based on our de novo review of the record, we find the district court erred in granting the motion to quash.

DECREE

For the foregoing reasons, the district court’s judgment granting the defendant’s motion to quash is reversed. This matter is remanded for further proceedings.
1 ^REVERSED

. Ms. Hall pled guilty in exchange for the State’s recommendation of a two year sentence, suspended, and two years active probation.

. Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), “[a] guilty plea is not valid unless it is an intelligent and voluntary choice. The defendant must expressly and knowingly waive his right to trial by jury, his right to confront his accusers, and his privilege against compulsory self-incrimination.” State v. Martin, 599 So.2d 422, 423 (La.App. 4th Cir.1992).

. The June 11, 2010 minute entry states that "[t]he State’s objection noted for the record and designation of record. Appeal status 7-8-10.” The July 26, 2010 minute entry states that ”[t]he matter was continued without date.”

. The notice of appeal states that the State filed its motion for appeal on March 27, 2013 and was granted an appeal on the same date. The notice also states that the district court set April 8, 2013, as the return date. Although the clerk forwarded the notice of appeal to this court on April 2, 2013, the notice indicates that it was filed on March 27, 2013. The minute entry on March 27, 2013, states: “[ajppeal forms done. Appeal status in this matter is set for 4/08/13.”

. Although there is no trial transcript in this matter, the record contains the transcript of the guilty plea hearing. From the transcript, it is possible to glean the basic facts of the alleged offense.

. The rules regarding obtaining extensions of the return date are set forth in La.C.Cr.P. art 915.1, which provides:
A. The district court may grant one extension of the return date of not more than thirty days. An extension may not be granted after the return date has passed. The extension may be granted only upon proof presented by the moving party that additional time is necessary due to extenuating circumstances beyond the control of the moving party and that, without the extension, an unusual and undue hardship would be created. A copy of the extension shall be filed with the appellate court and the clerk of the trial court.
B. Subsequent extensions may be granted by the appellate court for sufficient cause or at the request of the court reporter as provided in Article 919. When a subsequent extension is granted by the appellate court, notice thereof shall be given by mail by the clerk of the trial court to all parties. Failure of the clerk of the district court to mail such notice shall not affect the validity of the appeal nor will any error or defect which is not imputable to the appellant affect the validity of the appeal. (Emphasis supplied).

. The rules governing the procedure and time limits of criminal appeals are set forth in La.C.Cr.P. art. 914, which provides:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
La.C.Cr.P. art. 915 provides:
A. When a motion for an appeal is made in conformity with Articles 912, 914, and 914.1 the trial court shall grant or deny the motion within seventy-two hours, exclusive of legal holidays, after the motion is made. The return date shall be seventy-five days from the date the motion for appeal is granted, unless the trial judge fixes a lesser period. When a motion for an appeal has been timely made, the appeal shall not be affected by any fault or omission on the part of the trial court.
B. The minute clerk for each section of the trial court shall forward a copy of the notice of appeal to the clerk of the trial court and to the court reporters responsible for preparing the necessary transcripts, within twenty-four hours, exclusive of legal holidays, of the date the appeal is ordered. The clerk of the trial court shall forward a copy of the notice of appeal to the sheriff having custody of the defendant, to the appropriate appellate court, and to each party, within seven days of the date the appeal is ordered. The party moving for the appeal must forward notice that a motion for appeal has been made to the appropriate appellate court within seven days of the date the motion is made. Failure of the minute clerk, the clerk of court, or the party moving for the appeal, to provide notice shall not affect the validity of the appeal, (emphasis supplied).

. The State orally noticed its intent to appeal on the same day as the ruling; thus, the State’s appeal was timely under La.C.Cr.P. art. 914(B)(1). State v. Chambers, 07-0398, pp. 3-4 (La.App. 4 Cir. 8/22/07), 966 So.2d 98, 100 (finding the State’s oral notice of intent to appeal made on the same day as ruling timely under La.C.Cr.P. art. 914(B)(1)); see also State v. Ross, 06-1328, p. 5 (La.App. 4 Cir. 3/14/07), 955 So.2d 167, 170 ("the motion for an appeal was clearly timely, because it was orally made at the hearing immediately after the motion to quash was granted”); State v. Jones, 12-0565, p. 4 (La.App. 4 Cir. 4/24/13), 115 So.3d 643, 647 (holding that the State's oral statement, in response to district court’s quashing a bill of information, ”[y]our Honor, note the State’s intent to seek an appeal,” qualified as a timely oral motion for appeal); State v. Greene, 12-2027 (La.3/15/13), 109 So.3d 370 (finding that a defendant’s oral notice of intent to appeal at sentencing constituted an oral motion for appeal and preserved the defendant’s right to seek appellate review of her conviction and sentence).

. As we noted in Brooks, 13-0540 at p. 4, 124 So.3d at 1135, n. 3;
In State v. Fugler, 09-1822 (La.9/17/10), 45 So.3d 1060, the pleading at issue was a timely filed motion to reconsider sentence. After twelve years, the defendant sought a ruling on the motion; apparently the district court vacated his original sentence and set the matter for a hearing. The Supreme Court reinstated the defendant’s original sentence and vacated the district court’s decision to set the matter for a hearing on the motion to reconsider. In State v, Austin, 11-0122 (La.App. 1 Cir. 6/10/11), 99 So.3d 1008, the defendant had filed a motion to suppress evidence, but he proceeded to trial without moving for a hearing or obtaining a ruling on the motion. The appellate court held that the defendant abandoned his motion by failing to have the district court act before the trial.

. The Louisiana Supreme Court, however, has also recognized a very narrow exception to the general rule "for cases in which the state cannot establish an essential element of the offense under any set of facts conceivably provable at trial.’’ State v. Advanced Recy *40 cling, Inc., 02-1889, p. 9 (La.4/14/04), 870 So.2d 984, 989 (citing State v. Legendre, 362 So.2d 570, 571 (La. 1978)).

. La.C.Cr.P. art. 532 provides:
A motion to quash may be based on one or more of the following grounds:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII [Footnote omitted]. In such case the court may permit the district attorney to amend the indictment to correct the defect.
(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
(6) Trial for the offense charged would constitute double jeopardy.
(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
(8) The court has no jurisdiction of the offense charged.
(9) The general venire or the petit jury veni-re was improperly drawn, selected, or constituted.
(10) The individual charged with a violation of the Uniform Controlled Dangerous Substances Law has a valid prescription for that substance.

. The Criminal Code of Procedure also sets forth special grounds for a motion to quash a bill of information in La.C.Cr.P. art. 534, which provides:
A motion to quash an information may also be based on one or more of the following grounds:
(1) The information was not signed by the district attorney; or was not properly filed.
(2) The offense is not one for which prosecution can be instituted by an information. The procedural requirements for a motion
to quash are set forth in La.C.Cr.P. art. 536, which provides that "[a] motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court.” Id. It further provides that the motion to quash "specify distinctly the grounds on which it is based” and that "[t]he court shall hear no objection based on grounds not stated in the motion.” Id.