SANDRA CABRINA JENKINS, Judge.
|TIn this criminal appeal, the State seeks review of the district court’s judgment granting defendant’s motion to quash. Defendant contends the State’s appeal should be dismissed as abandoned due to its failure to pursue the appeal for almost five years. For the reasons that follow, we deny defendant’s motion to dismiss finding the State has not abandoned its appeal and affirm the district court’s judgment granting the motion to quash.
FACTUAL AND PROCEDURAL BACKGROUND
On November 8, 2006, Michael Noel, defendant, was arrested for simple burglary. On January 5, 2007, defendant was charged by bill of information with violation of La. R.S. 14:62. Defendant filed a pro se “Petition for Writ of Habeas Corpus and/or Fix an Expedited Hearing Date” on February 5, 2007 alleging that he had been detained since his arrest for over eighty-eight (88) days without being summoned to court for arraignment as required by La. C.Cr.P. art. 230.1. Defendant was arraigned on February 7, 2007 and was appointed an Orleans Public Defender (“OPD”) after entering a plea of not guilty.
OPD filed a motion on March 26, 2007, naming defendant as a person who was not receiving effective assistance of counsel pursuant to State v. Peart, 621 So.2d 780 (La.1993). OPD then filed a motion to withdraw as counsel for defendant which was subsequently granted. After several months without counsel, the Tulane Law Clinic was appointed to represent defendant on November 16, 2007. On May 1, 2008, defendant filed a motion to quash the bill of information alleging a violation of defendant’s constitutional right to a speedy trial which was ultimately granted at the June 6, 2008 hearing. The State filed a *709 motion for appeal and designation of the record on June 11, 2008 and a return date of August 20, 2008 was set.
No further steps were taken to advance the State’s appeal until more than five years later when the record was lodged with this Court on September 5, 2013. Thereafter, the State filed its brief and the defendant filed a motion to dismiss the appeal as abandoned based on the five-year delay between the-granting of the State’s motion for appeal and the lodging of the record with this Court. Defendant also timely filed his appellee brief. Defendant’s motion to dismiss the appeal was deferred until the merits of the appeal were considered.
DISCUSSION
The State’s sole assignment of error is that the district court abused its discretion in granting defendant’s motion to quash the bill of information. The State contends defendant’s constitutional right to a speedy trial was not violated and his motion to quash was improperly granted.

Motion to Dismiss the Appeal as Abandoned

Defendant argues the State’s appeal should be dismissed as abandoned because the State failed to pursue the appeal for five years. This court has recently addressed this contention twice where similarly situated defendants raised this abandonment argument, and both were ultimately rejected. State v. Hall, 13-453 (La.App. 4 Cir. 10/9/13), 127 So.3d 30; State v. Brooks, 13-0540 (La.App. 4 Cir. 9/18/13), 124 So.3d 1129. In Hall, the State verbally noted its intent to appeal on the record in open court after defendant’s motion to quash was granted. The State then filed a written motion for appeal nearly three years later which was granted, a return date was set, and the record was timely lodged. On appeal, Hall argued that because the state failed to pursue the appeal for three years, the appeal should be dismissed. Likewise, in Brooks, the motion for appeal was timely made and a return date was set. The district court clerk, however, did not file a notice of appeal until three years later when the trial court set a new return date and the record was lodged sometime thereafter. On appeal, Brooks argued the appeal should be dismissed because of the three year delay between granting the State’s motion for appeal and the lodging of the record.
In both cases, this Court prefaced its analysis by noting the worthy distinction between civil and criminal appeals.
A civil appeal may be dismissed as abandoned when the parties fail to take steps in its prosecution or disposition for the time periods provided in the rules of the appellate court. See La. C.C.P. art. 561(C); La. C.C.P. art. 2162. Rule 20 of the Fourth Circuit Court of Appeal Local Rules provides that, “when no activity occurs in a [civil] appeal for three years, the appeal shall be dismissed as abandoned,” except in certain circumstances. There are no comparable provisions in the Code of Criminal Procedure or the rules of this Court that authorize the dismissal of a criminal appeal.
Hall, 13-0453, p. 5, 127 So.3d at 35 (quoting Brooks, 13-0540, p. 2, 124 So.3d at 1131). This Court then stated that after the State timely moves for an appeal and it is granted, the burden falls on the district court personnel to have the record lodged and the State need not take any further action. Id. at p. 6, 127 So.3d at 36 (quoting State v. Ross, 06-1328, p. 4 (La.App. 4 Cir. 3/14/07), 955 So.2d 167, 170) |4(“[0]nce the State timely moves for an appeal, there is no further action that must be taken by the State until the record is *710 lodged with the court of appeal.”). In the instant case, the State timely moved for an appeal and the district court granted the motion on the same day. Defendant nevertheless contends the State’s appeal should be dismissed as abandoned because the State should not be allowed to wait five years to call this matter to the court’s attention.
Applying the aforementioned principles, defendant’s abandonment argument lacks merit. In this case, as in Hall and Brooks, we find that once the State timely moved for an appeal, it has no further duty as the burden falls upon the district court to prepare and lodge the record for appeal. Thus, the fact that the record was, not lodged until September 5, 2013, five years after the return date, did not affect the validity of the State’s appeal. The record reflects the delays this appeal has sustained cannot be attributed to the State. Accordingly, we find the State did not abandon its appeal and defendant’s motion to dismiss is denied.

Motion to Quash

The granting of a defendant’s motion to quash the bill of information is a discretionary ruling by the trial court which should not be disturbed by the appellate court, absent an abuse of its discretion. State v. Love, 2000-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206 (“Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion.”). •
The Sixth Amendment guarantees that “[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial.... ” In analyzing whether a | sdefendant has been deprived of his constitutional right to a speedy trial, we consider four factors: “Length of delay, the reason for the delay, the defendant’s assertion of his right, and prejudice to the defendant.” Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). None of the Barker factors is “either a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial. Instead, they are related factors and must be considered together ... in a difficult and sensitive balancing process.” Love, 2000-3347, p. 15, 847 So.2d at 1210 (quoting Barker, 407 U.S. at 532, 92 S.Ct. 2182 (internal citations omitted)).

A. Length of Delay

The length of the delay is a threshold requirement for a speedy trial analysis as further inquiry into the remaining Barker factors is unnecessary if the delay is not presumptively prejudicial. Id. 2000-3347, p. 16, 847 So.2d at 1210 (citing United States v. Avalos, 541 F.2d 1100, 1111 (5th Cir.1976)). The guarantee of a speedy trial attaches when the defendant becomes accused, typically the day of his arrest. State v. Alfred, 337 So.2d 1049, 1054-55 (La.1976). Moreover, the weight to be ascribed to the length of the delay is determined by the peculiar circumstances of each case such as the difficulty of the case, the manner of proof, and the gravity of the alleged crime. State v. Quinn, 13-0726, p. 4 (La.App. 4 Cir. 2/19/14), 136 So.3d 267, 270 (citing Love, 2000-3347 at p. 16, 847 So.2d at 1210).
In the instant case, the delay commences on November 8, 2006, and continues to the date when defendant’s right to a speedy trial was upheld, June 6, 2008, a total of nineteen months. The State argues this delay is negligible because this Court has found that even greater delays *711 are not presumptively prejudicial. The State’s contention has some merit, however, the circumstances and complexity of each case must be considered, rendering a comparison between this case and others | (jfrivolous.[1] Considering the circumstances of this case and the alleged offense, simple burglary of an outdoor shed, this nineteen-month delay is sufficiently great to warrant examination of the other Barker factors. State v. Esteen, 95-1079, p. 4 (La.App. 4 Cir. 4/3/96), 672 So.2d 1098, 1101, writ denied, 96-0979 (La.9/27/96), 679 So.2d 1359 (“[T]he delay tolerable for a simple street crime is considerably less than that for a serious complex, conspiracy charge”) (citing State v. Reaves, 376 So.2d 136, 138 (La.1979)).

B. Reason for Delay

Explaining the second factor, the reason for the delay, the Supreme Court in Barker stated:
Closely related to length of delay is the reason the government assigns to justify the delay. Here, too, different weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.
Barker, 407 U.S. at 531, 92 S.Ct. 2182. Thus, this factor focuses on which party is responsible for the delay. The State in the instant matter contends the reason for the delay is wholly attributable to the defendant because he went at-large from December 29, 2004 to February 6, 2007 and again from October 16, 2007 to February 6, 2013. As defendant points out in his brief, the alleged offense did not take place until |7November 6, 2006 and he was arrested two days later. Defendant was held in custody from the date of his arrest, November 8, 2006, until the motion to quash was granted on June 6, 2008. Accordingly, the State’s contention that the delay is solely attributable to the defendant for going at-large is preposterous.
Defendant contends the reason for the delay was the inaction of the OPD. While the majority failed to address the issue in Boyer v. Louisiana, — U.S. -, 133 S.Ct. 1702, 1706-07, 185 L.Ed.2d 774 (2013), as it dismissed the writ as improvidently granted, Justice Sotomayer’s dissent argued in pertinent part:
Where a State has failed to provide funding for the defense and that lack of funding causes a delay, the defendant cannot reasonably be faulted. Placing the consequences of such a delay squarely on the State’s shoulders is proper for the simple reason that an indigent defendant has no control over whether a State has set aside funds to pay his lawyer or fund any necessary investigation. The failure to fund an indigent’s defense is not as serious as a deliberate effort by a State to cause *712 delay. But States routinely make tradeoffs in the allocation of limited resources, and it is reasonable that a State bear the consequences of these choices.
The state is charged with the ultimate responsibility for providing the defendant with a speedy trial.. Thus, we find it appropriate for the State to bear the fault of the delay when lack of funding by the state legislature prevents effective assistance of counsel. As such, it can be said that the delay in prosecution in this case is attributable to the State.

C. Defendant’s Assertion of his Speedy Trial Right

The third factor to be considered is whether the defendant asserted his right to a speedy trial. Whether and how a defendant asserts this right is closely associated with the other Barker factors. Esteem, 95-1079, p. 5, 672 So.2d at 1101. While the “failure to assert the right will make it difficult for a defendant to prove |sthat he was denied a speedy trial”, it is not dispositive as “defendant’s assertion of or failure to assert his right is one of the factors to be considered.” Barker, 407 U.S. at 528, 531-32, 92 S.Ct. 2182 (emphasis added). The Barker balancing test allows a court to weigh the frequency and force of the objections and “exercise a judicial discretion based on the circumstances.” Id. at 528-29, 92 S.Ct. 2182; See State v. Nowell, 363 So.2d 523, 526 (La.1978) (“Defendant was seventeen years old, incarcerated, indigent, and, most significantly, unassisted by counsel. Under these circumstances the defendant’s failure to effectively assert his rights did not constitute a voluntary, knowing and intelligent waiver of his constitutional guarantee to a speedy trial.”).
The record does not reflect that the defendant made any assertion of his right to a speedy trial prior to filing his motion to quash. However, defendant did file a pro se “Petition for Writ of Habeas Corpus and/or Fix an Expedited Hearing Date” on February 5, 2007, before he was ever appointed counsel, alleging that he had been detained since his arrest for over eighty-eight (88) days without being summoned to court for arraignment as required by La. C.Cr.P. art. 230.1. Accordingly, defendant’s failure to effectively assert his right to a speedy trial cannot be weighed heavily against him as he attempted to assert his right, did not knowingly waive this right, and was unassisted by counsel. .

D. Prejudice to Defendant

Finally, we must consider whether or not the defendant was prejudiced by the delay. This prejudice is analyzed in light of the following interests that the right to a speedy trial was designed to protect: to prevent oppressive pretrial incarceration, to minimize his anxiety and concern, and to limit potential impairment of his defense. Barker, 407 U.S. at 532, 92 S.Ct. 2182. The Barker Court noted that “even if an accused is not incarcerated prior to trial, he is still disadvantaged by | ¡¡restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility.” Id. at 533, 92 S.Ct. 2182. The Court further stated that the impairment of a defendant’s ability to prepare his case is undoubtedly the most serious form of prejudice. Id. While the delay that can be tolerated for an ordinary street crime is considerably less than that for a serious murder conviction, a valid reason should serve to justify appropriate delays. Alfred, 337 So.2d at 1058.
Defendant was detained at a facility hours away from Orleans Parish in Kinder, Louisiana from the date of his arrest until his motion to quash was granted. Thus, defendant asserts he sustained considerable oppressive pretrial incarceration and claims the State’s delays caused him in *713 creased anxiety and concern because preparation of any meaningful defense was impaired. Moreover, defendant contends his lack of counsel during the critical pre-trial stages and not being afforded effective assistance of counsel for twelve months after his arrest prejudiced his case.[2] Considering defendant’s twelve-month, un-counseled incarceration, we find defendant has clearly proved the delay prejudiced his defense as he was unable to conduct a prompt investigation due to, his lack of effective representation.
Upon a careful consideration of the above factors as they apply to the circumstances of the present case, we are unable to say that the trial court abused its discretion in granting the motion to quash. We conclude that defendant was denied his constitutional right to a speedy trial.
_JjnDE CRE hi
For the foregoing reasons, the defendant’s motion to dismiss the appeal is denied. The district court’s judgment granting the defendant’s motion to quash the bill of information is affirmed.
AFFIRMED.
LOVE, J., concurs in part and dissents in part.

. While a comparison is trivial, it should be noted that the State's claim is misguided. See State v. Firshing, 624 So.2d 921 (La.App. 4 Cir.1993), writ denied, 93-2621 (La.2/25/94), 632 So.2d 760 (seventeen-month delay) and State v. Leban, 611 So.2d 165 (La.App. 4 Cir.1992), writ denied, 619 So.2d 533 (La. 1993) (sixteen-month delay). See also State v. Nowell, 363 So.2d 523, 526 (La.1978) (finding that defendant was deprived of his right to a speedy trial because he was not appointed counsel until twelve months after his arrest and could not assert such a deprivation without counsel).

. While defendant was appointed an OPD three months after his arrest, the subsequent determination that defendant was not provided effective assistance of counsel makes, said appointment inconsequential. See State v. Edwards, Case No. 463-200 (Orleans Parish Crim. Dist. Ct. March 26, 2007) (Hunter J.)