JUDGE SANDRA CABRINA JENKINS
*1110 The State appeals the trial court's September 25, 2017 ruling granting defendant's motion to quash for a violation of his constitutional right to a speedy trial. Based on our review of the record and in light of the factors set forth in Barker v. Wingo , 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we find no abuse of discretion in the trial court's ruling, and we affirm. In addition, we deny relief sought by defendant in the consolidated writ application.
FACTS AND PROCEDURAL HISTORY
On October 15, 2013, defendant, Timrek Andrews, was arrested following a traffic stop by two New Orleans Police Department ("NOPD") officers for a damaged driver-side mirror on defendant's vehicle. During the traffic stop, the officers requested defendant exit and step to the rear of the vehicle for officer safety. After defendant exited the vehicle, the officers observed defendant reach into his front left pocket, remove a clear plastic baggie containing an off-white powder substance, and place the baggie in his mouth. In an attempt to restrain defendant, a struggle ensued between the officers and defendant. Once the officers gained control of defendant, they placed him under arrest. Observing that defendant had suffered injuries during the scuffle and believing that he had ingested the plastic baggie containing the off-white powder substance, the officers contacted Emergency Medical Services to transport defendant to University Hospital for evaluation. Defendant was subsequently arrested and booked on a felony charge of obstruction of justice, a violation of La. R.S. 14:130.1, and misdemeanor charges of resisting an officer, a violation of s La. R.S. 14:108, and battery of a police officer (2 counts), a violation of La. R.S. 14:34.2.
On December 5, 2013, the State filed a bill of information in Orleans Parish Municipal Court charging defendant with the three misdemeanor offenses. Defendant was arraigned that same date and pled not guilty. The felony charge of obstruction of justice was refused by the Orleans Parish District Attorney's Office.
On May 20, 2014, the first trial setting in Municipal Court, a motion to continue the trial was filed, and trial was rescheduled for August 14, 2014. The record does not reflect which party requested the continuance. On August 14, 2014, the State was granted a continuance due to the failure of the victim to appear. On November 13, 2014, the Orleans Parish Public Defender was appointed to represent defendant; trial was rescheduled for February 10, 2015.
On February 10, 2015, defendant failed to appear for trial, an attachment was issued, and defendant's bond was forfeited. On March 4, 2015, the attachment was recalled; defendant was found in contempt of court, assessed a fine of one-hundred dollars, and ordered to spend five nights in jail. On May 14, 2015, the defense was granted a continuance of trial due to NOPD officers' failure to appear. On July 31, 2015, the defense sought another continuance, and trial was rescheduled for August 25, 2015. On that date, the State sought a continuance, and trial was rescheduled for September 29, 2015. After a subsequent status hearing, trial was scheduled for December 10, 2015.
On October 30, 2015, the State filed a second bill of information charging defendant in Orleans Parish Criminal District Court with one felony count of obstruction of justice and the three misdemeanor charges pending against defendant in Municipal *1111 Court.[1] On November 13, 2015, defendant appeared for arraignment in Criminal District Court and entered a plea of not guilty. On December 10, 2015, the State nolle prosequied the charges pending against defendant in Municipal Court.
On September 28, 2016, the first trial setting in Criminal District Court, defendant failed to appear for trial; the trial court issued an alias capias. The following day, defendant appeared before the trial court; the court found him in contempt and imposed a fine; and the alias capias was recalled. Trial was scheduled for November 29, 2016. On that date, the trial court granted the State a continuance, over the defense's objection. On January 17, 2017, the trial court granted the defense a continuance, over the State's objection. Three more trial settings followed: March 21, 2017; May 22, 2017; and July 17, 2017. On each date, the trial court granted the State a continuance, over the defense's objection. Trial was then set for October 2, 2017. Prior to that trial setting, defense counsel appeared without defendant for unscheduled activity on July 21, 2017. On that date, the October 2, 2017 trial date was vacated, and trial was re-set for September 25, 2017.
On September 25, 2017, defendant filed a motion to quash for denial of defendant's constitutional right to a speedy trial. Defendant appeared in court that day ready for trial, but the State moved for another continuance of the trial. The trial court denied the State's motion for a continuance and granted defendant's motion to quash. In granting the motion to quash, the trial court reasoned that the four year delay since defendant was initially charged constituted a violation of his right to a speedy trial. The State objected to the trial court's ruling and noticed its intent to appeal. On that same date, the State filed its motion for appeal and designation of the record.
DISCUSSION
Motion to Dismiss the Appeal
Before considering the merits of the State's appeal, we address the defendant's motion to dismiss the appeal as untimely. Defendant argues that the State abandoned this appeal when the State failed to comply with its obligations as the party moving for the appeal pursuant to La. C.Cr.P. arts. 915 and 915.1.
A motion for an appeal must be made no later than thirty days after the rendition of the judgment or ruling from which the appeal is taken. La. C.Cr.P. art. 914.[2] Once the motion for appeal is made, the trial court "shall" set the return date seventy-five days from the date the motion for appeal is granted, unless the trial court fixes a lesser period. La. C.Cr.P. art. 915(A). In addition, "[t]he party moving for the appeal must forward notice that a motion for appeal has been made to the appropriate appellate court within seven days of the date the motion is made." La. C.Cr.P. art. 915(B). Once the trial court signs an order of appeal setting a return date, "[t]he trial court may grant one extension of the return date of not more than thirty days," but "[a]n extension may not be granted after the return date has passed." La. C.Cr.P. art. 915.1. Further, "[t]he extension may be granted only upon *1112 proof presented by the moving party that additional time is necessary due to extenuating circumstances beyond the control of the moving party and that, without the extension, an unusual and undue hardship would be created."[3] Id.
The record of this case reflects that the State timely filed its motion for appeal and designation of the record on the day of the trial court's ruling granting defendant's motion to quash, September 25, 2017. That same date, the trial court signed the order of appeal and set the return date for November 27, 2017. The record does not reflect that the trial court or this Court granted any extension of the return date. However, the appeal record was not lodged in this Court until February 23, 2018, 151 days from the date the motion for appeal was granted.
Defendant argues that the State's failure to request an extension of the return date and its failure to provide notice of the motion for appeal to this Court are grounds for dismissal of the appeal, because the State had a mandatory obligation as the party moving for the appeal to take affirmative steps to ensure that the record of the appeal was timely lodged in this Court, pursuant to La. C.Cr.P. arts. 915 and 915.1.
This Court has previously addressed and rejected the same argument raised by defendants moving to dismiss the State's appeal as untimely and abandoned. See State v. Noel , 13-1218, pp. 2-4 (La. App. 4 Cir. 10/1/14), 151 So.3d 706, 709-10 ; State v. Hall , 13-0453, pp. 4-9 (La. App. 4 Cir. 10/9/13), 127 So.3d 30, 34-38 ; State v. Brooks , 13-0540, pp. 3-8 (La. App. 4 Cir. 9/18/13), 124 So.3d 1129, 1131-34. In each of those cases, the State timely moved for an appeal, and the trial court timely granted the motion and set a return date; however, years passed before the record of each case was lodged in this Court. In each case, this Court found that once the State timely moved for an appeal and the trial court granted the motion, the burden then fell upon the district court personnel, not the State, to prepare and lodge the record for appeal. See Noel , 13-1218, pp. 2-4, 151 So.3d at 709-710. "[T]here is no further action that must be taken by the State until the record is lodged with the court of appeal." Hall , 13-0453, p. 7, 127 So.3d at 36 (quoting State v. Ross , 06-1328, p. 4 (La. App. 3/14/07), 955 So.2d 167, 170 ). Moreover, "the failure of the trial court," or court personnel "to perform their functions in connection with the filing of a criminal appeal does not affect the validity of the appeal." Id. ; see also , La. C.Cr.P. arts. 915(A) and (B), 915.1(B).
Applying the aforementioned principles and jurisprudence, we find no merit to defendant's argument that the State abandoned its appeal. The State timely moved for this appeal and the trial court timely granted it. Thereafter, the district court personnel bore responsibility to prepare and lodge the record for appeal; and the State did not need to take further action until the record was lodged. Accordingly, defendant's motion to dismiss the State's appeal is denied.[4]
*1113 Motion to Quash
In the first assignment of error, the State argues that the trial court abused its discretion in granting the defendant's motion to quash on constitutional grounds. The State contends defendant's constitutional right to a speedy trial was not violated and his motion to quash was improperly granted.
"The granting of a defendant's motion to quash the bill of information is a discretionary ruling by the trial court which should not be disturbed by the appellate court, absent an abuse of its discretion." Noel , 13-1218, p. 4, 151 So.3d at 710. The complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision; thus, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents a clear abuse of the trial court's discretion. State v. Love , 00-3347, pp. 9-10 (La. 5/23/03), 847 So.2d 1198, 1206.
Louisiana jurisprudence recognizes two separate and distinct bases for a defendant's right to a speedy trial: a statutory right granted by La. C.Cr.P. art. 701 and a constitutional right guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 16 of the Louisiana Constitution. See State v. Sorden , 09-1416, p. 7 (La. App. 4 Cir. 8/4/10), 45 So.3d 181, 185 (citing State v. Powers , 344 So.2d 1049 (La. 1977) ). The two are not equivalent; "the question of whether a speedy trial violation is statutory or constitutional involves wholly separate inquiries." Sorden , 09-1416, p. 7, 45 So.3d at 186.
A defendant's constitutional right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment and imposed on the states by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Love , 00-3347, p.14, 847 So.2d at 1209 (citing Klopfer v. North Carolina , 386 U.S. 213, 223, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967) ); see also , La. Const. Art. I, § 16. In determining whether a defendant's constitutional right to a speedy trial has been violated, courts consider four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right to speedy trial; and (4) the prejudice to the defendant resulting from the delay. Barker v. Wingo , 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) ; see also , State v. Reaves , 376 So.2d 136 (La. 1979) (adopting Barker . None of the four Barker factors is "either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial." Love , 00-3347, p. 15, 847 So.2d at 1210. Rather, the factors are related and must be considered together in light of the circumstances of each case. Id.
The first factor, the length of the delay, is a "triggering mechanism" for further inquiry into the other three Barker factors, which need not be addressed unless the reviewing court finds the length of the delay to be presumptively prejudicial. State v. Gaines , 08-0967, p. 3 (La. App. 4 Cir. 2/11/09), 5 So.3d 915, 917 ; State v. DeRouen , 96-0725, p. 3 (La. App. 4 Cir. 6/26/96), 678 So.2d 39, 40. The weight ascribed to the length of the delay depends on the particular circumstances of the case, such as the gravity of the charged crime and the complexity of the case, because "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." Reaves , 376 So.2d at 138 (quoting Barker , 407 U.S. at 531, 92 S.Ct. at 2192 ); see Noel , 13-1218, p. 5, 151 So.3d at 710.
In the instant case, following defendant's arrest on October 15, 2013, the State filed the initial bill of information, charging three misdemeanors, on December 5, 2013.
*1114 Approximately twenty-three months later, on October 30, 2015, the State filed the second bill of information, charging the same three misdemeanors and the felony charge of obstruction of justice. Subsequent to filing the second bill of information, the State nolle prosequied the original bill of information filed in Municipal Court. Twenty-three months later, on September 25, 2017, the trial court granted defendant's motion to quash the second bill of information. Notably, the State concedes for the first time on appeal that the time limitation for prosecuting the three misdemeanors offenses expired prior to the filing of the second bill of information; but the State never dismissed the expired charges prior to the granting of the motion to quash.
Despite the nearly four-year delay between the filing of the initial bill of information and the granting of the motion to quash, the State argues that the length of delay in this case is not presumptively prejudicial. The State argues it was within the four-year statutory prescriptive period to institute the felony charge, pursuant to La. C.Cr.P. art. 572, and the two-year statutory prescriptive period to commence trial on that charge, pursuant to La. C.Cr.P. art. 578. Moreover, the State argues since it initially declined or dismissed the felony obstruction of justice charge in the initial bill of information, the twenty-three month time differential between the filing of the initial bill of information and the institution of that charge by the second bill of information does not weigh upon defendant's right to a speedy trial.
It is undisputed that there was no violation of the statutory time limitation for instituting prosecution and commencing trial for the felony charge, pursuant to La. C.Cr.P. arts. 572 and 578.[5] The issue in this case is whether defendant's constitutional right to a speedy trial was violated even though there was no violation of the statutory time limitation.
Most cases discussing a defendant's constitutional right to a speedy trial measure the length of delay as the time between the filing of the bill of information and the granting of the motion to quash. Gaines , 08-0967, p. 4, 5 So.3d at 918 (collecting cases). In addition, the Louisiana Supreme Court has held that any time period during which the defendant is not under arrest or held to answer a criminal charge should not be used in calculating a constitutional speedy trial delay. State v. Mathews , 13-0525, pp. 3-4 (La. 11/15/13), 129 So.3d 1217, 1219 (finding the seventeen-month period during which defendants were not under arrest or charged did not weigh upon defendants right to a *1115 speedy trial). In State v. Smith , 16-0393, pp. 5-6 (La. App. 4 Cir. 11/23/16), 204 So.3d 1035, 1038, applying the Mathews method of calculation, this Court found that a twenty-five month delay on a charge of possession of heroin arguably constituted a presumptively prejudicial delay that triggered the consideration of the remaining Barker factors.[6] In State v. Noel , supra , this Court found that a nineteen-month delay from the filing of the bill of information charging simple burglary of an outdoor shed was sufficiently great to trigger an analysis of the three remaining Barker factors. In State v. Harris , 03-0524, p. 6 (La. App. 4 Cir. 9/10/03), 857 So.2d 16, 19, this Court found the twenty-four month period from the filing of the first bill of information charging possession of heroin to the granting of the motion to quash, excluding periods of interruption, was a presumptively prejudicial delay.
In consideration of the particular circumstances of this case, we find that the length of delay is presumptively prejudicial. From our review of the factual basis for these charges, we find the alleged offenses more akin to "ordinary street crime" rather than "a serious, complex conspiracy charge." See Reaves , 376 So.2d at 138 ; see also Doggett v. United States , 505 U.S. 647, 652, 112 S.Ct. 2686, 2691, n. 1, 120 L.Ed.2d 520 (1992) ("Depending on the nature of the charges, the lower courts have generally found post-accusation delay 'presumptively prejudicial' at least as it approaches one year."). In addition, although defendant was not charged with the felony offense until approximately twenty-three months prior to the granting of the motion to quash, defendant was held to answer the three misdemeanors, charged in both bills of information, for nearly four years. Even excluding the time period between the filing of the initial and second bill of information, we find the twenty-three month time delay to be presumptively prejudicial, thereby triggering consideration of the three remaining Barker factors.
Turning to the second factor, the reason for the delay, we review the record to determine which party is primarily responsible for the delay in commencing trial. Upon review of the entire length of delay since the filing of the initial bill of information,[7] the record reflects five continuances of trial in Municipal Court and five continuances of trial in Criminal District Court. While in Criminal District Court, the State sought and was granted continuances on November 29, 2016; March 21, 2017; May 22, 2017; and July 17, 2017. The reasons for these continuances are not noted in the record. But, on each of those dates, defendant appeared ready for trial and objected to the continuance. Finally, on September 25, 2017, the State sought a fifth continuance of trial, stating that it was ready for trial in another matter, "an older case", and "we have a new ADA on [this] case."
*1116 The State argues that defendant is "equally culpable" for the delays in commencing trial. In support, the State points to defendant's failure to appear for the first trial setting on September 28, 2016, to a continuance sought and granted to defense on January 17, 2017, and to a discovery motion filed by defense on July 11, 2017. In response, defendant acknowledges responsibility for his failure to appear on September 28, 2016, for which he was found in contempt and fined the following day when he appeared in court. Defendant also acknowledges brief delays for motion hearings. Defendant argues, however, that the State was primarily responsible for the four year delay in this case. Moreover, defendant contends that the State used the continuances as a dilatory tactic to prompt defendant to accept a plea, which the State offered on three occasions;[8] defendant, however, insisted on his right to a speedy trial rather than accept a plea.
From our review of the record, we find the majority of the multiple delays in commencing trial are attributable to the State. After two years of delays in Municipal Court, the State filed the second bill of information on October 30, 2015, and did not seek to commence trial until nearly one year later. Although defendant did not appear on the first trial date in September 2016, defendant appeared ready for trial on each of the five subsequent trial dates when the State sought continuances. Additionally, the record reflects two times when the State offered to dismiss the felony charge in exchange for defendant entering a guilty plea to misdemeanor charges, for which the time limitation to prosecute had long expired.[9] Moreover, upon review of the consolidated writ application in this case, we note the State only obtained a search warrant for evidence in support of the felony charge of obstruction of justice after the trial court granted the motion to quash.[10] Thus, it appears from the record that the State's interest in securing a guilty plea surpassed its interest in preparing this case for trial or providing defendant with a speedy trial. Given the lack of reasonably diligent efforts to bring defendant to trial, we find the State fails to establish a justifiable reason for a *1117 twenty-four month delay, much less a four year delay.
The third Barker factor concerns defendant's assertion of his right to a speedy trial. The record reflects that defendant did not file a motion for a speedy trial at any time prior to filing the motion to quash. However, defendant objected to each of the four trial continuances sought and granted to the State prior to filing the motion to quash. In Barker , the Court rejected a bright line rule that defendant must assert his right to speedy trial lest it be waived; instead, the Court implemented a balancing test, "in which the conduct of both the prosecution and the defendant are weighed." 407 U.S. at 529-30, 92 S.Ct. at 2191-92. "While the 'failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial', it is not dispositive as 'defendant's assertion of or failure to assert his right is one of the factors to be considered.' " Noel , 13-1218, pp. 7-8, 151 So.3d at 712 (quoting Barker , 407 U.S. at 528, 531-32, 92 S.Ct. at 2192 ).
In Reaves , the Louisiana Supreme Court found the failure of defendant to move for a speedy trial prior to his motion to quash did not weigh heavily under the facts of the case. 376 So.2d at 139. Defendant was charged with a simple misdemeanor possession of marijuana charge and he filed his motion to quash after only three and one-half months of delay. But, the Court found that after four continuances of the trial date, "defendant finally realized that the new trial setting was probably illusory in light of the prior course of the proceedings"; thus, "[h]is only avenue at that point, and the trial judge agreed, was to file a motion to quash." Id.
Similarly, in this case, there is a pattern of delay and continuances by the State. Although the State argued for a short continuance to October 2, 2017, the State had two-months notice of the September 25, 2017 trial date. We also note the State does not refute defense counsel's argument that he was informed five days prior to the September 25 trial date that the State was ready to proceed. But, anticipating that the State may seek another continuance, defense counsel also prepared a motion to quash to be filed in the event that the State sought to delay trial again. In consideration of the history of this case and defendant's numerous objections to continuing the trial date, we do not weigh heavily the defendant's failure to file a motion for speedy trial prior to filing the motion to quash.
Turning to the fourth and final Barker factor, we must assess the prejudice to defendant caused by the delay. Prejudice should be assessed particularly in light of three interests that the right to speedy trial was designed to protect: to prevent oppressive pretrial incarceration; to minimize anxiety and concern of the accused; and to limit the possibility that the defense will be impaired. Barker , 407 U.S. at 532-33, 92 S.Ct. at 2193. The Barker Court noted that "even if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility." Id. The Court also stated that the impairment of a defendant's ability to prepare his defense is the most serious form of prejudice, because it "skews the fairness of the entire system." Id. As discussed further by the Court in Doggett , "the impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.' " 505 U.S. at 655, 112 S.Ct. at 2692-93. "Thus, we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." Id. The *1118 Court concluded that "affirmative proof of particularized prejudice is not essential to every speedy trial claim;" the defendant's degree of proof of prejudice varies inversely with the State's culpability for the delay. Doggett , 505 U.S. at 655-57, 112 S.Ct. at 2692-93.
As discussed previously, we find the State primarily responsible for the delays in bringing defendant to trial. In addition to the delays, we note the State's official negligence in filing the second bill of information charging defendant with three misdemeanor offenses for which the time limitation to prosecute had expired. While there is no basis to find that the State acted in bad faith by failing to dismiss those expired charges, such official negligence does present a "threat to the fairness of the accused's trial." Doggett , 505 U.S. at 657, 112 S.Ct. at 2693.
Further, defendant asserts that in addition to the cloud of anxiety and suspicion related to the four years of criminal charges pending against him, he has suffered actual prejudice in the impairment of his defense. Specifically, defendant asserts that the State disclosed at an earlier trial setting that all NOPD audio recordings from eyewitnesses taken contemporaneous to defendant's arrest had been lost. In addition, defense counsel spoke with two defense eyewitnesses whose recollections of the events surrounding defendant's arrest in 2013 had faded to a point that they may not be reliable. Finally, defense investigators have been unable to locate a third potential witness who had left Orleans Parish.
As to the fourth factor, the State argues that defense counsel raised the constitutional speedy trial violation by a motion to quash as a "deliberate tactic" that would "actually cause Defendant more prejudice to his legal rights." The State does not address the defendant's assertions of actual prejudice from the loss of evidence and potential loss of eyewitness testimony. The State's failure to address defendant's assertion of actual prejudice does not weigh in its favor.
Upon a careful consideration of the Barker factors as they apply to the particular circumstances of this case, we find no abuse of discretion in the trial court's decision to grant defendant's motion to quash based on a violation of his constitutional right to a speedy trial. The State's persistent neglect in concluding this criminal prosecution indicates a feeble interest in bringing defendant to justice. To condone prolonged and unjustifiable delays in this case would both penalize defendant for the State's fault and "simply encourage the government to gamble with the interests of criminal suspects assigned a low prosecutorial priority." Doggett , 505 U.S. at 657, 112 S.Ct. at 2693.
Motion to Continue
In the second assignment of error, the State argues that the trial court abused its discretion in denying the State's oral motion to continue the motion to quash to allow for a response and a contradictory hearing.
"The trial court is vested with considerable discretion in ruling on a motion for continuance, and the reviewing court will not disturb the trial court's ruling absent a clear abuse of discretion." State v. German , 12-1293, p. 24 (La. App. 4 Cir. 1/22/14), 133 So.3d 179, 197. "To demonstrate that the trial court erred in denying a continuance, a showing of specific prejudice is generally required." State v. Brown , 12-0626, p. 16 (La. App. 4 Cir. 4/10/13), 115 So.3d 564, 575.
First, the State contends that it is entitled to a hearing on defendant's motion to quash and time in which to prepare. In support, the State first cites the statutory procedures relative to motions to quash *1119 within La. C.Cr.P. art. 535.[11] However, as noted by the State, defendant did not file this motion to quash based on any grounds provided by La. C.Cr.P. art. 535 ; rather, defendant filed this motion to quash to assert his fundamental, constitutional right to a speedy trial. While Louisiana jurisprudence recognizes a motion to quash as "an all embracive plea" by which a defendant may assert a constitutional speedy trial claim, our jurisprudence does not hold that the same statutory procedures must be followed for filing a motion to quash based on constitutional grounds. See Reaves , 376 So.2d at 137-38 ; State v. Lang , 464 So.2d 776 (La. App 4th Cir. 1985) ; see also Sorden , 09-1416, p. 7, 45 So.3d at 185-86 (discussing the distinction between constitutional and statutory speedy trial claims).
Next, the State relies on this Court's recent decision in State v. Williams , 17-0239 (La. App. 4 Cir. 9/6/17), --- So.3d ----, unpub ., 2017 WL 3887457, to argue that it is an abuse of discretion for the trial court to grant a motion to quash without affording the State a reasonable opportunity to prepare an opposition. Here again, however, the motion to quash at issue in Williams , and each of the cases cited therein, was based on the grounds that the statutory prescriptive period for prosecution or commencement of trial had expired. When a defendant files an apparently meritorious motion to quash based on prescription, the State bears a heavy burden of proving facts necessary to show that prescription was interrupted or suspended. State v. Joseph , 93-2734 (La. 6/3/94), 637 So.2d 1032 ; see La. C.Cr.P. art. 577. Consequently, in consideration that a motion to quash based on statutory grounds of prescription places the burden on the State to prove facts necessary to show that the prosecution was instituted timely, this Court has found it to be an abuse of discretion for a trial court to deny the State time to respond and prepare to meet its high burden of proof. Williams , supra ; State v. Bryant , 14-0653 (La. App. 4 Cir. 12/10/14), not reported , 2014 WL 6989388. By contrast, a motion to quash raising a constitutional speedy trial claim places the burden on the defendant to establish facts showing that his constitutional right to a speedy trial has been violated. See State v. Dillon , 11-0188, p. 7 (La. App. 4 Cir. 8/24/11), 72 So.3d 473, 478 (remanding to allow State an opportunity to carry its burden to rebut defendant's prescriptive claim and to allow defendant an opportunity to establish his constitutional speedy trial claim); State v. Smith , 16-0393, p. 8 (La. App. 4 Cir. 11/23/16), 204 So.3d 1035, 1039 (remanding for a hearing to allow defendant to present evidence in support of his constitutional speedy trial claim); see also State v. Scott , 06-1610, p. 5 (La. App. 4 Cir. 4/25/07), 958 So.2d 725, 729 ("defendant challenging the State's nolle prosequi and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial.").
*1120 Accordingly, we find the holding in Williams inapplicable in this case.
Finally, the State asserts that the trial court's denial of its motion to continue the motion to quash violated the State's "fundamental right" to procedural due process, notice, and reasonable opportunity to be heard. Thus, the State posits that it is guaranteed the same constitutional right of due process as guaranteed to the criminal defendant by the Fourteenth Amendment to the United States Constitution and Article 1, § 2 of the Louisiana Constitution. This argument has no merit. Procedural due process as guaranteed by the United States Constitution and Louisiana Constitution protects a person from the deprivation of life, liberty, or property [through state action] without due process of law, notice, and opportunity to be heard.
We find no merit to any of the State's arguments. Further, we note that the State has failed to argue that it suffered any specific prejudice from the trial court's denial of a continuance. Thus, we find no abuse of discretion in the trial court's denial of the State's oral motion to continue the motion to quash.
Defendant's Writ Application
In the consolidated writ application, defendant seeks review of the Magistrate Commissioner's denial of defendant's petition to quash a search warrant and for sanctions against the State. For the following reasons, we deny the writ.
On March 16, 2018, while the State's appeal of the trial court's ruling granting defendant's motion to quash was pending in this Court, the State submitted to the Magistrate Commissioner an application for a search warrant to obtain defendant's medical records from Interim LSU Public Hospital for the date of his arrest in October 2013. The Magistrate Commissioner signed the search warrant authorizing the State to search for and obtain defendant's medical records. After learning that the State had obtained and executed the search warrant, defense counsel filed a "Petition" in Magistrate Court seeking sanctions against the State and the quashal of the search warrant.
At a hearing before the Magistrate Commissioner on April 3, 2018, defense counsel argued that the search warrant for defendant's medical records was improperly obtained pursuant to La. R.S. 13:3715.1. In its consideration of defendant's petition, the Commissioner noted that the State has the power to continue a criminal investigation while the motion to quash is on appeal and the Commissioner is authorized to sign a search warrant in an open criminal investigation. Ultimately, however, the Commissioner denied defendant's petition based on a lack of jurisdiction to grant the relief sought by defendant in a criminal case currently on appeal.
Defendant timely filed the instant writ of the Commissioner's ruling. On this Court's own motion, defendant's writ was consolidated with the State's pending appeal.
First, we agree that the Commissioner was without jurisdiction to rule on a pleading in a criminal case on appeal. Upon the entering of the order of appeal in the criminal case, the Criminal District Court and its ancillary Magistrate Court were divested of jurisdiction. See La. C.Cr.P. art. 916 ; La. R.S. 13:1336 ; 13:1347; see also , La. C.Cr.P. art. 913.
In addition, we find no merit in defendant's substantive argument. Defendant contends that the State was required to obtain defendant's medical records in accordance with La. R.S. 13:3715.1. We disagree.
In State v. Skinner , 2008-2522 (La. 5/5/09), 10 So.3d 1212, the Louisiana Supreme Court was presented with the issue of the proper procedure by which the *1121 State could obtain a defendant's medical records. The Louisiana Supreme Court found as follows:
Considering the federal jurisprudence and Louisiana's constitutional requirement of a heightened privacy interest for its citizens, we find that the right to privacy in one's medical and prescription records is an expectation of privacy that society is prepared to recognize as reasonable. Therefore, absent the narrowly drawn exceptions permitting warrantless searches, we hold a warrant is required to conduct an investigatory search of medical and/or prescription records. We are not prepared to extend Whalen [v. Roe, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977) ], which balanced the individual's privacy interest against the state's reasonable exercise of its regulatory power, to find Louisiana allows warrantless searches and seizures of its citizens' medical and pharmacy records for criminal investigative purposes.
Because we find a warrant was required for an investigative search of the defendant's prescription and medical records, the trial court erred in finding the remedy was for the State to comply with requirements of La.Code Crim. Proc. art. 66 and La. Rev. Stat. 13:3715.1 , which the State had admittedly failed to comply with in obtaining the defendant's prescription and medical records, in order for these records to be admissible at trial. The trial court's ruling essentially permits the State to re-subpoena the prescription and medical records, allowing the State to introduce them at trial if the State has followed all the procedural requirements of La.Rev.Stat. 13:3715.1 and/or La.Code Crim. Proc. art. 66 in procuring these records a second time. However, because we find the Fourth Amendment and La. Const. art. I, § 5 require a search warrant before a search of prescription and medical records for criminal investigative purposes is permitted, the State cannot cure its warrantless search and seizure of the records by a second subpoena of these records.
A search warrant for property where one has a reasonable expectation of privacy may issue only upon probable cause established to the satisfaction of a magistrate, by the affidavit of a credible person, particularly describing the person or place to be searched and the things to be seized. La. Const. art. I, § 5 ; La. Code Crim. Proc. art. 162. The procedural requirements of La.Rev.Stat. 13:3715.1 simply and clearly do not suffice to comply with the constitutional requirements of probable cause supported by a sworn affidavit for the issuance of a search warrant. Thus, it is irrelevant whether or not the State complied with the requirements of La.Rev.Stat. 13:3715.1, and any subsequent compliance with its procedural requirements is insufficient to permit the introduction of evidence that was illegally searched and seized. This evidence must be suppressed.
Skinner , 2008-2522, pp. 10-11, 10 So.3d at 1218 (emphasis added).
Based on the foregoing, we find no error in the Commissioner's ruling denying defendant's petition to quash the search warrant and for sanctions. Defendant's writ is denied.
CONCLUSION
For the foregoing reasons, defendant's motion to dismiss the appeal is denied; the State's motion for sanctions is denied; the trial court's judgment granting defendant's motion to quash on the grounds of a constitutional speedy trial violation is affirmed; and defendant's writ is denied.
*1122 AFFIRMED; MOTIONS DENIED; WRIT DENIED
LOBRANO, J., DISSENTS AND ASSIGNS REASONS.
I respectively dissent from the majority opinion that affirmed the denial of the State's motion to continue to allow for a contradictory hearing on the motion to quash filed by Timrek Andrews ("Defendant").
It is well settled that district court rulings on motions to quash are reviewed under an abuse of discretion standard. State v. Brown , 15-1319, p. 7 (La. App. 4 Cir. 4/20/16), 193 So.3d 267, 271.
This court addressed the issue of whether the state is entitled to a hearing on a defendant's motion to quash and time in which to prepare in State v. Williams , 17-0239 (La. App. 4 Cir. 9/6/17), --- So.3d ----, 2017 WL 3887457. We reviewed the case law and held that a district court was required to grant a continuance to the state so that it could better prepare to defend against the motion. In State v. Bryant , 14-0653 (La. App. 4 Cir. 12/10/14), unpub. , 2014 WL 6989388, we stated:
"[O]ur jurisprudence has established that the State should have been afforded an opportunity to review and prepare an argument against the motion to quash."
14-0653 at p. 2.
La. C.Cr.P. art. 537 mandates that "[a]ll issues, whether of law or fact, that arise on a motion to quash shall be tried by the court without a jury." Louisiana jurisprudence has consistently held that La. C.Cr.P. art. 537 mandates a contradictory hearing on motions to quash. State in Interest of M.J. , 14-0622, p. 15, fn. 10 (La.App. 4 Cir. 2/4/15), 160 So.3d 1040, 1049 (noting trial court erred in failing to hold a hearing on the merits of a motion to quash); State v. Nguyen , 14-639, p. 17 (La.App. 3 Cir. 11/5/14), 150 So.3d 562, 572 (granting motion to quash without a hearing was improper); State v. Sensat , 07-425, p. 4 (La.App. 3 Cir. 11/7/07), 969 So.2d 1274, 1276 (the state was entitled to a contradictory hearing on motion to quash); State v. Stewart , 02-0196 (La.App. 3 Cir. 10/2/02), 827 So.2d 1277, 1281-82 ( La. C.Cr.P. art. 537 required a hearing); State v. Lowry , 00-107, p. 6 (La.App. 5 Cir. 6/27/00), 762 So.2d 1275, 1278 (citing La. C.Cr.P. art. 537 and remanding for hearing on motion to quash).
The transcript from September 25, 2017 reflects that the State requested to continue the trial in order to proceed to trial on another matter. The State noted a new assistant district attorney had been assigned to Defendant's case. Defendant objected and provided the State with a courtesy copy of his motion to quash immediately prior to the district court announcing it would consider the motion on the date it was filed. The State requested it be given an opportunity to prepare a response to the motion to quash. The district court found Defendant was prejudiced by the delay and granted Defendant's motion to quash without providing the state with an opportunity to prepare for the hearing or file a response.
I find that the district court abused its discretion in failing to allow the State an opportunity to prepare a response and hold a meaningful hearing on Defendant's motion to quash. Williams; La. C.Cr.P. 537. Accordingly I would reverse the district court's judgment and remand the matter to the district court for an appropriate hearing.

The State concedes that the institution of the misdemeanor charges, by the second bill of information filed on October 30, 2015, were out of time pursuant to La. C.Cr.P. art. 572(A)(3), and, accordingly, the State does not seek relief as to those counts of the bill of information.

At the time the motion is made, the party moving for the appeal shall also designate the record by requesting the transcript of the necessary portions of the proceeding, in light of the assignments of error urged. La. C.Cr.P. art. 914.1.

"Subsequent extensions may be granted by the appellate court for sufficient cause or at the request of the court reporter as provided in [La. C.Cr.P. art.] 919." La. C.Cr.P. art. 915.1(B).

In response to defendant's motion to dismiss, the State filed a motion to impose sanctions against defense counsel "for his lack of candor to the Court," in reference to a statement within the motion to dismiss regarding communications between defense counsel and an Assistant District Attorney. The State's motion for sanctions is denied.

La. C.Cr.P. art. 572 provides in pertinent part:
A. Except as provided in Articles 571 and 571.1, no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor.
(3) Two years, for a misdemeanor punishable by a fine, or imprisonment, or both.
La. C.Cr.P. art. 578 provides in pertinent part:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(2) In other felony cases after two years from the date of institution of prosecution; and
(3) In misdemeanor cases after one year from the date of institution of prosecution.
Thus, as the State now concedes, the time to prosecute the three misdemeanor charges expired prior to the filing of the second bill of information, on October 30, 2015, more than two years after the offenses were allegedly committed. The State was within the time limitations to institute prosecution and commence trial for the felony charge.

Upon review of the three remaining Barker factors, this Court found that defendant should have been afforded an opportunity, as requested, to present evidence on the issue of whether his constitutional right to a speedy trial was violated. Smith , 16-0393, p. 8, 204 So.3d at 1039. Consequently, this Court vacated the trial court's judgment granting defendant's motion to quash and remanded for an evidentiary hearing on the constitutional speedy trial issue.

The docket minutes from Municipal Court reflect five continuances of trial on the three misdemeanors charged in the initial bill of information. Of the five continuances, one was granted to the State, two were granted to the defense, and two are not attributed to either party. We note, however, one of the continuances granted to defense states "NO NOPD." Given the factual basis for the charges, the NOPD officers presumably would be witnesses for the State.

In its brief, the State notes that in mid-September 2015, the State "tendered a plea offer to defendant to plead guilty to avoid restitution, however that was denied." One month later, the State filed the second bill of information charging the felony obstruction of justice and the three expired misdemeanors. On October 6, 2016, at a pre-trial hearing, the record reflects that the State tendered a misdemeanor plea offer. On September 25, 2017, after defense filed the motion to quash and the State requested a fifth continuance, the State entered on the record an offer to dismiss the felony charge in exchange for defendant pleading guilty to amended misdemeanor charges of simple battery with a sentence of six months probation.

Notably, the State concedes for the first time on appeal that the time limitation for prosecuting the three misdemeanors offenses expired prior to the filing of the second bill of information; but the State never dismissed the expired charges.

The State filed an application for a search warrant for defendant's medical records on March 16, 2018. The application for search warrant seeks for the first time the medical records of defendant from the date of his arrest on October 15, 2013. The affidavit states the arresting officers witnessed defendant ingest a clear baggie containing an off-white powder substance; subsequent to his arrest, defendant was transported to the hospital for medical treatment; and, according to the affidavit, "[r]esults of TOX were positive for cannabinoids and opiates." Although the arresting officers could testify regarding defendant's actions prior to his arrest, the medical records would provide scientific evidence that defendant had ingested illegal substances ostensibly for the purpose of tampering with evidence to distort the results of a criminal investigation, i.e., obstructing justice. See La. R.S. 14:130.1(A)(1).

Specifically, the State cites La. C.Cr.P. art. 535(B), which provides, "[a] motion to quash on the ground that the time limitation for commencement of trial has expired may be filed at any time before commencement of trial." This provision applies to the assertion of the statutory right to speedy trial pursuant to La. C.Cr.P. art. 701. The State also cites La. C.Cr.P. art. 535(E), which provides, "[t]he court may, in order to avoid a continuance, defer a hearing on a motion to quash until the end of trial." The State contends that the language of the provision intends for a hearing to be held on the motion to quash. However, in this case, defendant did not file the motion to quash based on any grounds provided in La. C.Cr.P. art. 535(A) ; and, pursuant to subsection (C), "[a] motion to quash on grounds other than those stated in Paragraphs A and B of this Article shall be filed in accordance with Article 521 [time for filing of pretrial motions]."